Paul J. Coleman *v.* The Borough of Darby et al., Appellants.

176

Submitted on briefs, April 7, 1978, to Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Peter J. Nolan,* for appellants.

*Thomas L. Kelly,* for appellee.

OPINION BY JUDGE WILKINSON, JR., May 3, 1978:

This action in mandamus comes before this Court following a decision of the Court of Common Pleas of Delaware County that the appellant Borough of Darby (Borough) should restore the appellee to the position

of Superintendent of Police in the Borough. We affirm.

The Borough has a rather confusing nomenclature in its police system, due mainly to a poor choice of terminology in designating the various offices. Under the Darby Code, the head police officer in the Borough is designated the "Superintendent of Police." There is also a position on the force for a "Chief of Police," which is a subordinate position that would be roughly equivalent to the position of captain or lieutenant on most police forces.

Appellee was appointed Superintendent of Police on April 20, 1972. On November 9, 1972, as required by action of Borough on October 4, 1972, the appellee took a non-competitive civil service examination for this position, and thereafter was duly certified as Superintendent with civil service status and was so accepted by Borough. While there was a person occupying the position of Chief of Police at the time of appellee's appointment as Superintendent, this individual retired shortly thereafter and the position became vacant. It remained so until December 10, 1975, when appellee was appointed Chief of Police. This appointment followed appellee's request to take, and successful completion of, a non-competitive civil service examination.

On March 18, 1976, Borough Council adopted a resolution appointing one Russell Emery as Superintendent of Police. Appellee's salary was thereafter diminished, as were his duties and his responsibilities. Appellants seek to justify this action on the grounds that the appellee, by requesting the examination and taking the position of Chief of Police, vacated his Superintendent's position. We cannot agree.

In order to sustain their position, at the very minimum the appellants must demonstrate that appellee was properly installed as Chief of Police. With re-

spect to appellee's appointment to the Chief's position, the Borough was bound to follow the provisions of Section 1184 of The Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46184. That section requires that except in the case of a vacancy in the position of chief of police (under the Darby Code designated Superintendent), all positions in the police force must be filled from a list of eligibles compiled after a competitive examination. Since under the Darby Code the Chief of Police is not the head of the department, this position must be filled by competitive examination. This was not done in the instant case, and therefore the lower court was correct in concluding that the appellee's appointment to the position of Chief of Police was null and void. Thus, even under appellant's theory, appellee cannot be held to have vacated his position as Superintendent since he was never properly appointed Chief of Police in the first instance.

Since there was no resignation, express or implied, we find that the lower court was correct in holding that the appellants failed to follow the provisions of Section 1190 of the Code, 53 P.S. §46190, in removing appellee from his position as Superintendent of Police. Indeed, the appellants made no pretext of complying. At no time have the appellants alleged that any of the criteria required for removal or reduction in rank exist. As such, the appellants' removal of appellee from his position as Superintendent was clearly invalid.

Appellants assert two additional arguments in response to appellee's action in mandamus. First, they allege that appellee was bound to initially take his case before the Civil Service Commission under the provisions of Section 1191 of the Code, 53 P.S. §46191. As the appellee correctly argues, however, since there was no allegation that any of the criteria set forth in

Section 1190 of the Code existed, there was nothing for the Civil Service Commission to hear and hence no reason for the appellee to go before it. Similarly, we reject appellants' contention that appellee was bound to appeal within thirty days from the date of the resolution which appointed Russell Emery as Superintendent. This remedy, provided by Section 1010 of the Code, 53 P.S. §46010, is not the exclusive remedy by which appellee could pursue his claim.

Accordingly, we will enter the following

### ORDER

AND Now, May 3, 1978, the decision of the Court of Common Pleas of Delaware County, No. 76-5207, dated April 18, 1977, is affirmed.