Pennsylvania State Lodge Fraternal Order of Police et al., Appellants *v.* City of Wilkes-Barre et al., Appellees.

City of Wilkes-Barre et al., Appellants *v.* Pennsylvania State Lodge Fraternal Order of Police et al., Appellees.

Argued April 4, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

62

*Richard Kirschner*, with him *Neal Goldstein*, and *Markowitz & Kirschner*, for Pennsylvania State Lodge Fraternal Order of Police, et al.

*Mark A. Ciavarella, Jr.*, City Solicitor, for City of Wilkes-Barre, et al.

OPINION BY JUDGE MENCER, July 28, 1978:

We have for our consideration cross appeals from an order of the Court of Common Pleas of Luzerne County which sustained the City of Wilkes-Barre's preliminary objection in the nature of a demurrer to an amended complaint in mandamus of the Pennsylvania State Lodge Fraternal Order of Police and dismissed the complaint.[1]

Since the order entered by the court below was not adverse to the City of Wilkes-Barre (City), there is no basis for the appeal of the City, which must be

---

[1] The preliminary objections were filed on behalf of all the defendants which included, in addition to the City of Wilkes-Barre, the Mayor and the seven members of the Council of the City of Wilkes-Barre. The complaint in mandamus named as plaintiffs, in addition to the Pennsylvania State Lodge Fraternal Order of Police, the Wyoming Valley F.O.P. Lodge No. 36, Police Benevolent Association, and ten individuals who were employed up until January 1, 1976 as police officers of the City of Wilkes-Barre.

quashed. One may not appeal from a decision which is not adverse to him. *Pierro v. Pierro,* 434 Pa. 131, 252 A.2d 652 (1969); *Borough of Malvern v. Agnew,* 11 Pa. Commonwealth Ct. 285, 314 A.2d 52 (1973).

The Pennsylvania State Lodge Fraternal Order of Police et al. (appellants) filed a complaint in mandamus seeking entry of a peremptory judgment ordering the City to reinstate nine policemen who were furloughed December 31, 1975 and to grant back pay, pension credits, and other emoluments to these nine policemen and a tenth policeman who was furloughed at the same time but later reinstated. The request for the entry of a peremptory judgment was denied, and appellants filed an amended complaint.

The gravamen of appellants' amended complaint is that the City has refused to comply with the terms of an Act 111 arbitration award dated January 1, 1976 and that the City subverted its obligations under said Act, Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §217.1 et seq., by effecting a reduction of the complement of police officers in order to meet the fiscal impact of the award.[2]

We must determine whether the amended complaint in mandamus stated a cause of action. Mandamus will lie only when there is no other legal remedy available, a corresponding right and duty between the parties, and the act requested is purely ministerial and not discretionary. *Porter v. Bloomsburg State College,* 450 Pa. 375, 301 A.2d 621 (1973).

We are in accord with and adopt the reasoning of Judge BIGELOW, writing for the Court of Common Pleas of Luzerne County, when he stated:

> The unique aspect of the present case is that
> the plaintiffs [appellants] are in a sense read-

---

[2] A portion of the award set base salaries as of January 1, 1976 for various ranks of policemen between a bottom rank of Grade C, Patrolman, and a top rank of Chief of Police.

ing into the arbitrators award the determination that the City had to maintain the same number of policemen currently on the force at the time of the award. The award, of course, does not state this. Plaintiffs [appellants] claim, however, that defendants [appellees] are charged 'with the responsibility of providing police services in a fashion designed to meet adequately the need for health, safety and welfare of the City of Wilkes-Barre.' . . . The Third Class City Code, 53 P.S. §37001 et seq., is cited as the basis of this proposition, but the Code certainly does not mandate how many policemen a city must have.

. . . .

In the present instance we have before us, as exhibits to the complaint, a copy of the arbitration award in question . . . and a copy of the Wilkes-Barre City Budget and Salary Ordinance for the year 1976. . . . Included in the latter document is File of Council No. 2 of 1976, Amending file of Council, No. 38 of 1975 known as 'An Ordinance Fixing the Number of Officers and Employees of All Departments of the City of Wilkes-Barre and the Rate of Compensation,' As Amended. The latter portion of Exhibit 'G', better known as the City's salary ordinance provides for a total of 90 police officers including 62 patrolmen, class 'A' at a rate of $12,300.00 per patrolman. The apparent effect of this ordinance, together with the termination notices issued by the City Manager . . ., was to eliminate the patrolman positions which are the subject matter of this case.

Nowhere in the arbitration award can this court find a directive that the City maintain any given number of patrolmen in its employ.

Nor has the court's attention been directed to any provision of the Third Class City Code or any other statute which mandates the number of patrolmen which a municipality of this class must have. The City of Wilkes-Barre is presently operating under a Home Rule Charter, and during the year 1975 it operated under an optional city-manager plan, but there does not appear to be any section of the acts authorizing those forms of government—Act of April 13, 1972, No. 62, §101 et seq. as amended and Act of July 15, 1957, P.L. 901, §101 et seq. as amended—which govern the number of patrolmen or policemen required.

The Third Class City Code, supra, 53 P.S. 37001, provides that:

'The council shall fix, by ordinance, the *number* (emphasis added), grades and compensation of the members of the city police force. . . .'

It thus appears that a determination of the 'number' of members of the police force is a matter for council to decide. While Act 111 provides for mandated collective bargaining, it does not specify the number of policemen a city must hire. Conceivably an arbitration award could cover such a subject . . ., but it does not appear that it did so in this instance.

Cases which arose under former statutory provisions governing Third Class Cities indicate that the councils or governing bodies of those municipalities were afforded wide discretion in abolishing police department positions. Carey v. Altoona, 339 Pa. 541 (1940) involved a situation where the Altoona City Council abolished the position of Chief of Police. The Supreme Court stated:

'Establishing or maintaining the position of chief of police is not made mandatory, and the council has, therefore, under the right given it to fix the rank of the members of the force, the discretionary power to discontinue that position in the organization of the Bureau.

'. . . The reasons prompting the removal of an employee may be judicially investigated in order to ascertain whether they were such as are made illegal by statutory provisions, but where the office itself is abolished by legislative act or ordinance a court will not pry into the motives of the legislators who voted for its passage.' Id. p. 543.

It is not claimed in the present instance that the positions were re-created under a different name, with a new appointee performing the same duties. The allegation here is that the positions were completely abolished.

The court is fully in accord with the proposition advanced by plaintiffs [appellants] that mandamus will lie to enforce the terms and provisions of an arbitration award. However, we cannot see how the award in the present case can be construed in any way to mandate the number of patrolmen which the City of Wilkes-Barre must maintain on its police force.

Plaintiffs' [appellants'] complaint thus fails to state a cause of action.

Order affirmed. Appeal of City of Wilkes-Barre et al. quashed.

ORDER IN 239 C.D. 1977

AND Now, this 28th day of July, 1978, the order of the Court of Common Pleas of Luzerne County

under date of January 18, 1977, dismissing the amended complaint in mandamus of the Pennsylvania State Lodge Fraternal Order of Police, et al., is hereby affirmed.

ORDER IN 292 C.D. 1977

AND Now, this 28th day of July, 1978, the appeal of the City of Wilkes-Barre in the above captioned case is hereby quashed.

---

CONCURRING OPINION BY JUDGE DISALLE:

I concur in the result. I agree that mandamus will lie to enforce the provisions of an arbitration award. However, in my opinion, mandamus does not lie here because there is absolutely nothing in the award which would support the plaintiffs' contentions. Therefore, although plaintiffs may have a remedy, clearly it is not in mandamus.