Frank L. Rizzo, Mayor of the City of Philadelphia et al., Appellants *v.* Joseph Schmanek, Appellee.

Argued November 16, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Louis F. Hinman, III,* Deputy City Solicitor, with him, *Alan J. Davis,* City Solicitor, for appellants.

*Kenneth E. Aaron,* for appellee.

OPINION BY JUDGE PALLADINO, December 31, 1981:

This is an appeal by the Mayor and Police Commissioner of the City of Philadelphia (City) from an order making final a Decree Nisi in mandamus by the Court of Common Pleas of Philadelphia County compelling the City to restore Joseph Schmanek (Appellee) to the position of patrolman in the City's police department. We affirm.

The facts in this case are undisputed. Appellee entered the civil service of the City on March 6, 1978, as a police patrolman and was laid off on August 14, 1978. He was recalled to his patrolman's position on September 3, 1978, but, on September 11, 1978, Appellee received a notice of rejection of his employment as a probationary employee pursuant to Philadelphia Civil Service Regulation 14. Appellee sent a notice of appeal of his dismissal to the Philadelphia Civil Service Commission (Commission) but the appeal was

refused for a lack of jurisdiction over the dismissals of probationary employees. Appellee then filed a complaint in mandamus in the court of common pleas asserting that, under Section 14.01 of the Philadelphia Civil Service Regulations his probationary period was six months, that said six month period was completed on September 6, 1978, that under Section 7-303 of the Philadelphia Home Rule Charter he could have been dismissed on September 11, 1978, only for just cause and that he should therefore be restored to his position as a patrolman. The lower court agreed on the grounds that Appellee's probationary period was never extended and ordered the City to restore Appellee to his patrolman's position. The appeal to this Court followed.

It is well settled that mandamus is an extraordinary legal remedy which will only issue to compel the performance of a ministerial act or a mandatory duty where the petitioner has a clear legal right, the respondent has a corresponding duty and there is no other appropriate and adequate remedy. *Pennsylvania State Lodge Fraternal Order of Police v. City of Wilkes-Barre,* 37 Pa. Commonwealth Ct. 60, 388 A. 2d 1146 (1978). "Mandamus has been recognized to be the proper action where [as here] the main issue is the propriety of a removal from a position which was heretofore properly held and to which reinstatement is being sought." *Wolkoff v. Owens,* 12 Pa. Commonwealth Ct. 74, 77, 314 A.2d 545, 546 (1974). The decision whether to issue a mandamus is within the discretion of the trial court, *Coleman v. Board of Education,* 477 Pa. 414, 383 A.2d 1275 (1978), and this Court's scope of review is limited to a determination of whether the lower court abused its discretion or committed an error of law. *Cooper v. City of Greensburg,* 26 Pa. Commonwealth Ct. 245, 363 A.2d 813 (1976).

The City's initial challenge to the decision of the trial court is that Appellee had an appropriate and adequate remedy and therefore mandamus should not lie. In raising this challenge, the City contends that the Commission's letter informing Appellee that it would not grant him a hearing because of his alleged probationary status, was a final adjudication with respect to his employment status and was thus appealable to the court of common pleas under Section 752 of the Local Agency Law, 2 Pa. C. S. §752. We disagree. Section 553 of the Local Agency Law, 2 Pa. C. S. §553 states that ''[n]o adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.'' No notice of a hearing nor opportunity to be heard was afforded Appellee with the filing of his notice of appeal; thus the letter herein from the Commission was not a valid adjudication from which an appeal may be taken. *See Callahan v. Pennsylvania State Police,* Pa. , 431 A.2d 946 (1981). Accordingly, since Appellee was considered a probationary employee by the Commission and unable to appeal his rejection for employment under Section 14.042 of the Philadelphia Civil Service Regulations, we must rule that the lower court was correct in holding that Appellee had exhausted all administrative remedies and was properly before that court in mandamus.

The City next contends, that the lower court's issuance of the mandamus was incorrect as a matter of law because the purpose of a probationary period is to see if the candidate can capably discharge his or her duties and that this purpose is defeated if a layoff does not automatically extend a probationary period. Section 14.01 of the Philadelphia Civil Service Regulations states that probationary periods shall be six months ''except as may be otherwise provided in

the Regulations." Because the effect of layoffs on a probationary period is not specifically addressed at any point in the Regulations, the trial court, in ruling that Appellee's probationary period ended September 6, 1978, held

> In order for the plaintiff's probationary period to be in effect on September 11, 1979 it was necessary for that period to have been extended. The City has not demonstrated such extension. It has merely argued that the period should have been. Civil Service regulation 14.043 provides for extension where the employee is out more than thirty (30) days for sick leave, vacation leave, military leave, leave without pay or any combination of those. Plaintiff here was laid off for about twenty (20) days not thirty (30). Thus the City did not extend the probationary period within the regulation.

The City, to support its contention that the trial court's decision defeats the purpose of a probationary period, points out that the lower court could have analogized to or applied other sections of the Regulations such as Chapter 21, where it is stated that layoffs in excess of fifteen working days are not included in computing the length of continuous service for the purpose of calculating sick leave. The City argues that if this had been done, the twenty-day layoff herein would have meant an automatic extension of the probationary period consistent with the purpose of such a period.

While we concur wholeheartedly with the City's statement of the purpose of a probationary period, we fail to see how this purpose is defeated by not extending the probationary period for a twenty-day layoff but is preserved if the same employee took twenty-nine days of leave without pay, a situation directly within the ambit of Regulation 14.043. Accordingly,

we hold that the trial court's decision is not inconsistent with the Philadelphia Civil Service Regulations and that nothing has been presented which convinces this Court that the trial court abused its discretion in applying Regulation 14.04, which is part of the section of the Regulations dealing with probationary employees, rather than some other section.

The City finally contends, in the alternative, that mandamus could have been directed to the Commission to require it to grant Appellee a hearing, but that it was improper and an abuse of discretion for the trial court to interpret the civil service regulations and to direct the Mayor and Police Commissioner to restore Appellee to his patrolman's position without first allowing the Commission an opportunity to address the matter. This issue was not presented to or addressed by the trial court. Since a question in a mandamus proceeding not properly raised below will not be considered on appeal, *Kleschick v. O'Neill*, 35 Pa. Commonwealth Ct. 130, 384 A.2d 1370 (1978), we cannot here grant the City's contention. Even if we could, however, there is no merit to the City's claim. The only reason advanced by the City for Appellee's removal was his probationary status. The only decision the trial court could have made to require a hearing before the Commission would be the one which it made, that Appellee was not a probationary employee at the time he was terminated. This same decision, since no other grounds have been advanced for Appellee's removal and no questions of fact are unresolved, creates a situation where the only decision the Commission could have reached would have been to restore Appellee to his patrolman's position. Thus, the decision by the trial court to restore Appellee to his position directly, merely avoided a pointless and needless proceeding before the Commission and can not be considered improper or an abuse of discretion.

Accordingly, we enter the following

ORDER

AND Now, December 31, 1981, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter, No. 1830, dated March 26, 1980, is hereby affirmed.