## Moyer v. Borough of North Catasauqua

*John Obrecht,* for plaintiff.
*Wilbur C. Creveling, Jr.,* for defendant.

GRIFO, *J.,* October 27, 1983 — This is an action in mandamus brought by the Chief of Police against the Borough of North Catasauqua, alleging illegal

removal from office and seeking reinstatement and back pay. The issues are: Does plaintiff have legal title to his position as chief of police and is he entitled to the protection of civil service?

The case was submitted to the decision of the court, and from the evidence we make the following:

## FINDINGS OF FACT

1. The police department of the Borough of North Catasauqua has been in existence at least since the late 1920's.

2. No ordinance was passed establishing the police department.

3. Plaintiff, Kim Moyer, was appointed a borough policeman in 1974, and was designated Chief of Police on October 8, 1979, by Borough Council. At the time of plaintiff's appointment as Chief of Police, there were less than three full-time police officers.

4. Subsequent thereto, on an annual basis, plaintiff was reappointed Chief of Police through the calendar year 1982.

5. On February 9, 1981, the borough hired a third full-time officer and enacted an ordinance creating a civil service commission. The Borough has had in excess of three full-time officers since then.

6. On December 17, 1982, the borough voted to reduce plaintiff in rank from Chief of Police due to a dispute over plaintiff's salary for 1983. No charges were filed by the borough under 53 P.S. §46190 at that time, or since.

7. On December 22, 1982, plaintiff requested a hearing before the North Catasauqua Civil Service Commission to challenge his demotion. No hearing has been held to the present time.

8. As a consequence thereof, plaintiff again became a patrolman within the borough's police department.

## DISCUSSION

We are called upon to construe the last paragraph of 53 P.S. §46121 which appears as follows:

"In any case in which a borough has *heretofore appointed policemen or established a police department* by action of council but not by or pursuant to an ordinance regularly enacted, such action shall be deemed to have been a valid exercise of the legislative power of the borough for all purposes the same as though an ordinance had been enacted, and all policemen appointed thereunder shall occupy the same status and shall have the same rights and privileges as in the case of an ordinance. 1966, Feb. 1, P.L. (1965) _____, No. 581, §1121." (Emphasis added.)

We have been unable to find any authority construing this paragraph, but our review of that part of the Historical Note following this statute, which refers to this paragraph, Volume One of the Laws of Pennsylvania, Session of 1961, pp. 121 and 122, and the cases under this statute,* persuade us that the legislature enacted this paragraph to validate police departments in existence prior to April 28, 1961. Since the evidence adduced shows the police department herein has existed since the late 1920's, the department is lawfully created.

The other issue presented is answered in the conclusions of law.

## CONCLUSIONS OF LAW

1. The police department of the Borough of North Catasauqua is a validly created department

---

*See, generally, Comwlth. ex rel. v. Miller, 15 Pa.C.C. 404 (1894), Miles v. Borough of Houston, 3 D. & C. 2d 793 (1955), and In Re Templeton, 399 Pa. 10, 159 A.2d 725 (1960) (Musmanno, J., dissenting).

under the provisions of 53 P.S. §46121, and plaintiff's appointment thereunder is lawful.

2. Plaintiff enjoys all the rights and privileges of policemen under the Borough Code, including the protection of civil service. 53 P.S. §46192; Mancke, Removal, Suspension Or Demotion Of A Municipal Police Officer: A Review and Analysis, 79 Dick. L.Rev. 380, 387 (1975).

3. The borough was bound to and failed to follow the provisions of 53 P.S. §46190 in reducing the plaintiff's rank. Coleman v. Borough of Darby, 35 Pa. Commw. 175, 384 A.2d 1389 (1978).

4. The borough's removal of plaintiff from his position as Police Chief was invalid. Coleman, supra.

5. Since there were no allegations under the criteria set forth in 53 P.S. §46190, there was nothing for the Civil Service Commission to hear. Coleman, supra.

6. Plaintiff is entitled to reinstatement as Chief of Police with pay, benefits, rights and privileges dating back to December 17, 1982. Starry v. Borough of Coaldale, 70 Sch. L.R. 89 (1974).

7. The borough has the duty to so reinstate plaintiff.

8. There is no adequate remedy at law.

Wherefore, we enter the following


## DECREE NISI

And now, this October 27, 1983, the Borough of North Catasauqua is hereby ordered to reinstate Kim Moyer as Chief of Police and to pay him the differential in his salary as patrolman and the salary of Chief of Police to the date of his reinstatement.

Unless exceptions are filed within ten days, this disposition shall be entered by the prothonotary as the final decree.