## Robinson v. Bensalem Township

*Henry F. Huhn, Leslie G. Dias*, for plaintiff.
*Emil F. Toften*, for defendant.

SOKOLOVE, *J.*, January 30, 1984—This matter is before the court on plaintiff's action in mandamus, and specifically on his motion for peremptory judgment pursuant to Pa. R.C.P. 1098.

After hearing held before the undersigned on January 18, 1984, the following facts were established and undisputed.

At a meeting of the Board of Supervisors of Bensalem Township (a second class township), plaintiff was promoted from the rank of lieutenant to the rank of captain (Exhibit P-1, Board of Supervisors Meeting Minutes of January 10, 1983). This was not a probationary promotion.

From the date of his promotion until January 3, 1984, plaintiff served as head of the township detective division, holding the rank of captain and receiving the compensation provided for that position.

At a meeting of the board of supervisors on January 3, 1984, plaintiff was demoted to the rank of

Lieutenant on a motion made in the following fashion (Exhibit P-3, transcript of the minutes of the board of supervisors meeting of January 3, 1984):

"Mr. Kelly: The next item is a tenure question and presently Capt. Robinson has been appointed Chief of the township detective department. The Board is highly concerned that there has been an overinflation in rank in the Bensalem Township Police Department and this is causing the township a lot more money than we should be paying for police services. The Board is of the mind that position should be filled by a Lieutenant and I will make the motion that he be reduced to the rank of Lieutenant and ask for a second on that.

A MOTION WAS MADE by Mr. Kelly and seconded by Mrs. Zajac to have the position of Chief of the Township detective department should be filled by a Lieutenant and that he be reduced to the rank of Lieutenant.

MOTION ADOPTED BY ROLL CALL:
Ayes: Zajac, Kelly, Komada          (3)
Nays: Pasqualone                    (1)
Absent: Ciotti                      (1)"

Prior to the meeting of January 3, 1984, plaintiff had received no notice of the action taken at said meeting. Plaintiff has received no hearing on his demotion. No statement of charges or the grounds for his demotion had ever been sent to plaintiff.

By this action in mandamus, plaintiff seeks reinstatement to the rank of captain pursuant to the Police Tenure Act, the Act of June 15, 1951, P.L. 586, as amended; 53 P.S. §811, et seq.

Mandamus lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appro-

priate and adequate remedy. Rizzo v. Schmanek, 63 Pa. Commw. 547, 439 A.2d 1296 (1981).

"Mandamus has been recognized to be the proper action where [as here] the main issue is the propriety of a removal from a position which was heretofore properly held and to which reinstatement is being sought." Wolkoff v. Owens, 12 Pa. Commw. 74, 77, 314 A.2d 545, 546 (1974). As cited in Rizzo v. Schmanek, supra.

Pa. R.C.P. 1098 permits the court at any time after the filing of the complaint in mandamus to enter peremptory judgment if the right of plaintiff to such judgment is clear. In this case, in view of the undisputed facts and the clear provisions of the law, plaintiff is entitled to the remedy sought.

Plaintiff, John Robinson, held the rank of captain in the Police Department of Bensalem Township from and after January 10, 1983, until his "demotion" at the meeting of January 3, 1984. The attempted demotion was invalid by its failure to be based on any of the grounds for demotion among those provided in section 2 of the Police Tenure Act (53 P.S. §812).

Section 2 of the act sets forth five specific reasons under which a police officer may be "suspended, removed or reduced in rank", as the only bases for such action. Reorganization of the police department or its detective division is not among the reasons enumerated.

Defendants aver that the grant of relief in mandamus is inappropriate by reason of available remedies under the Local Agency Law (2 Pa. C.S. §551 et seq.).

In this regard, we are aware of the cases which support the principle that mandamus is not appropriate where there is an alternative available remedy. The alternative suggested is an administrative

hearing under the Police Tenure Act and an appeal therefrom to this court pursuant to §5 of the Local Agency Law (2 Pa. C.S. §752). Kretzler v. Ohio Township, 14 Pa. Commw. 236, 322 A.2d 157 (1974). However, it has been consistently held that the administrative remedy is not available where the grounds for dismissal, demotion or suspension alleged are not among those enumerated in the pertinent enabling statute.

Policemen in each of the several classes of Pennsylvania municipalities are granted tenure by provisions in their respective municipal codes and the Police Tenure Act. They are almost identical in their content. Each provides an enumertion of the sole grounds for dismissal, demotion or suspension; such as provided in the Police Tenure Act, at section 2 (53 P.S. §812).* Each provides for hearing procedures (as provided in Section 4, Police Tenure Act) to be followed when charges have been placed against an officer for having violated one of the previously enumerated criteria.

However, where the basis of dismissal, demotion etc. is not one of the enumerated grounds, the courts have held that the administrative procedure is not available, and the only appropriate remedy is by action in mandamus. Wolkoff v. Owens, 12 Pa. Commw. 74, 314 A.2d 545 (1974). Defendants suggest that the case of Kretzler v. Ohio Township, 14 Pa. Commw. 236, 322 A.2d 157 (1974) reaches a contrary result. Their reliance in Kretzler is misplaced. The case arises out of an anomaly in the Police Tenure Act. Therein the criteria for suspension,

---

* Borough Code, Act of February 1, 1966, P.L. (1965), §1190, as amended; 53 P.S. §46190.

First Class Township Code, Act of June 24, 1981, P.L. 1206, Art. VI §644, as amended; 53 P.S. §55644.

removal or reduction in rank are set forth in section 2. However, the appeal provisions in Section 4 fail to include demotion as a basis for appeal. The court held that the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11302, as amended; (now, 2 Pa. C.S. §533), provided the demoted officers the right to a hearing. The court, therein, does not address the specific grounds for demotion. It is, therefore, inapplicable to the issue in this case.

In Coleman v. Borough of Darby, 35 Pa. Commw. 175, 384 A.2d 1389 (1978), the court affirmed the reinstatement of a police chief by the lower court's order in mandamus. In so doing, the Commonwealth Court addressed an argument made by the borough to the effect that the appellee was bound initially to take the case before the Civil Service Commission of the borough under the provisions of §1191 of the Borough Code (53 P.S. 46191).

In addressing the position taken by the borough therein (which is the same taken by the Township in this case) the Commonwealth Court stated as follows:

"As the appellee [policeman] correctly argues, however, since there was no allegation of any of the criteria set forth in §1190 of the Code existed, there was nothing for the Civil Service Commission to hear and hence no reason for the appellee to go before it." 35 Pa. Commw. 175, at 178-179, 384 A.2d, at 1390.

This court followed the Coleman opinion, in a corollary situation, where a first class township appealed to the court under the hearing provisions of the First Class Township Code. In Bristol Township v. Tegzes, 38 Bucks Co. L. Rep. 277 (1982), Judge Garb determined that the civil service appeal procedures were inappropriate where the demotion of a police officer was not in accord with the enumer-

ated criteria provided in the civil service regulations of the First Class Township Code.

For the foregoing reasons, we enter the following

## ORDER

And now, this January 30, 1984, judgment is entered in favor of plaintiff, John Robinson; defendants, Board of Supervisors of Township of Bensalem, are directed to restore plaintiff to the rank of captain as of January 3, 1984, restoring to him all salary and other benefits of employment retroactive to said date; the motion of reduction in rank, adopted January 3, 1984, is declared null and void.