**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2709
_____

JEFFREY CUTLER, East Lampeter Township
Elected Tax Collector,

Appellant

v.

AMBER GREEN; RALPH HUTCHINSON;
SELECTED PENNSYLVANIA PUBLIC OFFICIALS,
Both Elected and Non-Elected, et al; JUDGE MARGARET
MILLER; CHRISTINA HAUSNER; RON MARTIN; WGAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-17-cv-00984)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed: October 30, 2018)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P 5.7 does not
constitute binding precedent.

PER CURIAM

Jeffrey Cutler appeals from an order of the District Court dismissing his amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm.

Cutler was East Lampeter Township's elected tax collector.[1] As the Tax Collector, Cutler collects taxes from Township property owners for municipal taxes owed to both the Township and Lancaster County. After an audit could not be completed, the Township sought to meet with Cutler to correct certain of his records-keeping deficiencies. When those informal efforts failed, in June 2015, an action in mandamus was filed against Cutler by the Township in the Court of Common Pleas of Lancaster County, Pennsylvania, East Lampeter Township v. Jeffrey Cutler, No. CI-15-05424. In that action, the Township asked the Court to compel Cutler to comply with the local tax collection laws, 72 P.S. § 5511.1, et seq. The mandamus petition alleged, in pertinent part, that Cutler had failed to appoint a deputy tax collector and keep accurate accounts and records for tax years 2014 and 2015. Following a March 17, 2017 hearing,[2] Common Pleas Judge Margaret C. Miller issued an order requiring Fulton Bank to freeze

---

[1] Because we write primarily for the parties, who are familiar with the facts, procedural history, and allegations, we will not recite them except as necessary to our discussion.

[2] At that hearing, Brian Hurter, Lancaster County Controller, and Ralph Hutchison, East Lampeter Township Manager, testified about Cutler's alleged mishandling of his duties as Tax Collector and that the Township had adopted a resolution naming the County Treasurer as the Tax Collector for 2017.

2

Cutler's Tax Collector Account, enjoining Cutler from performing any duties as Tax Collector for East Lampeter Township, and requiring him to deliver all books and records associated with his tax collection duties to the Lancaster County Controller. Lancaster County Treasurer, Amber Green, was installed as Interim Tax Collector. On March 27, 2017, Judge Miller issued findings of fact, conclusions of law, and a decision and order granting mandamus relief.

In the meantime, on March 3, 2017, Cutler filed an "Emergency Petition of Complaint for Declaratory and Injunctive Relief and Summary Judgment and Motion to Combine Cases" in the United States District Court for the Eastern District of Pennsylvania. He then filed an amended complaint against Judge Miller, Green, Hutchinson, Lancaster County Solicitor Christina Hausner, Ron Martin – WGAL, and certain unidentified Pennsylvania public officials. Cutler alleged in his amended complaint that the defendants conspired to remove him from office and otherwise interfere with his duties as the duly-elected Tax Collector of East Lampeter Township, in violation of his constitutional rights under the First, Fifth and Fourteenth Amendments, and the rights of the public. Cutler asked the District Court to, among other things, vacate Judge Miller's order in the state mandamus action. Cutler also filed a motion to "combine" certain cases, a motion for summary judgment, and a motion for a default judgment against the identified and unidentified defendants who did not answer or respond to his amended complaint.

The District Court denied Cutler's request for emergency relief. Defendants Hutchinson, Judge Miller, and Green and Hausner then moved separately to dismiss

3

Cutler's amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing several bases for dismissal, including that the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37 (1971), should apply and prevent the District Court from interfering in the ongoing state enforcement proceedings. After the issues were fully briefed, the District Court, in an order entered on July 11, 2017, granted the defendants' motions and dismissed the amended complaint. The Court held that the mandamus action was a civil enforcement proceeding against Cutler, and that he had not shown that any of the exceptions to Younger applied to make abstention improper. The Court further held that, even if Younger did not bar Cutler's claims in their entirety, they were not otherwise sufficient to withstand dismissal because they were not plausible. The Court reasoned that Cutler was unable to state a claim for conspiracy because he alleged only "fantastic scenarios" lacking any arguable factual basis. The District Court also denied Cutler's motion for summary judgment, motion for a default judgment, and motion to "combine" certain cases. In an order entered on July 21, 2017, the District Court denied Cutler's timely filed motion for reconsideration, Fed. R. Civ. P. 59(e).

Cutler appeals. We have jurisdiction under 28 U.S.C. § 1291. In his pro se brief, Cutler argues that the District Court erred when it classified the state proceeding in East Lampeter Township v. Jeffrey Cutler as a civil enforcement action and that the Court should not have abstained, Appellant's Pro Se Brief, at 28-29. Cutler also contends that the District Court wrongly denied his motions for summary judgment and for a default judgment, id. at 26-27, 31; and erred in refusing to consolidate his case with several others, id. at 35-37.

4

We will affirm.  "We exercise plenary review over whether the requirements for abstention have been met."  Miller v. Mitchell, 598 F.3d 139, 145-46 (3d Cir. 2010).  Under Younger, federal courts must abstain from adjudicating, and therefore dismiss claims otherwise within the scope of federal jurisdiction when "exceptional circumstances . . . justify a federal court's refusal to decide a case in deference to the States."  Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013) (internal quotation marks removed).  Those "exceptional circumstances" are found when the underlying state proceeding fits into one of three categories: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  Id. at 588 (internal quotation marks removed).  Otherwise, federal courts should entertain and resolve on the merits an action within the scope of a jurisdictional grant.  Id.  See also New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989).

In her motion to dismiss, Judge Miller argued that the mandamus action over which she presided falls under the second category of cases: civil enforcement proceedings.  The other moving defendants made the same argument.  The District Court agreed and so do we.  A civil enforcement proceeding exhibits one or more of the following characteristics: "(1) the action was commenced by the State in its sovereign capacity, (2) the proceeding was initiated to sanction the federal plaintiff for some wrongful act, and (3) there are other similarities to criminal actions, such as a preliminary investigation that culminated with the filing of formal charges."  ACRA Turf Club, LLC,

5

v. Zanzuccki, 748 F.3d 127, 138 (3d Cir. 2014) (citing Sprint Communications, 134 S. Ct. at 591). Judge Miller contended that the mandamus action constituted a civil enforcement proceeding because it was initiated in response to Cutler's alleged misconduct as the elected Tax Collector of East Lampeter Township, misconduct that was discovered as the result of an investigation into shortfalls in tax collection revenue and which resulted in the filing of a formal complaint against Cutler.

We reject as unpersuasive Cutler's unsupported argument that the District Court erred when it classified the state proceeding in East Lampeter Township v. Jeffrey Cutler as a civil enforcement action. A Pennsylvania mandamus action exists to compel performance of a ministerial act or mandatory duty. See Rizzo v. Schmanek, 439 A.2d 1296, 1297 (Pa. Commw. Ct. 1981). Judge Miller concluded that Cutler failed to perform the duties of his office with respect to record-keeping, reporting and turning over tax money, and cooperating with the Township's audit, in violation of 72 P.S. § 5511.25 and § 5511.26. Judge Miller specifically concluded that Cutler turned over tax money anywhere from one month to eight months late, and that he obstructed the lawful efforts of the Township to conduct an audit. Under these circumstances, the Township's mandamus action against Cutler fits comfortably within the class of cases identified in Sprint Communications, 134 S. Ct. at 592, as permitting abstention under Younger.

Having determined that the underlying proceeding was a civil enforcement proceeding, the District Court turned to the factors set forth in Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423 (1982), for determining when a court should abstain under Younger. Those factors are: (1) whether the proceeding is an

6

ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise federal constitutional challenges. Id. at 432. The District Court determined, and again we agree, that important state interests were implicated in the state proceeding regarding Cutler's alleged misconduct as the Township Tax Collector, the state court matter was ongoing when he brought the civil action in federal court, and the state proceeding provided him with a sufficient opportunity to raise the claims which he asserts in this action. Although Cutler contends in his brief on appeal that Judge Miller was biased and that the Township's witnesses perjured themselves, he does not allege, nor does it appear, that he lacked sufficient opportunity to raise his due process concerns in the state action.

Even where the Younger test is met, the District Court may interfere with a state proceeding in certain extraordinary circumstances, such as where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or ... other unusual circumstances that would call for equitable relief." Mitchum v. Foster, 407 U.S. 225, 230 (1972) (quoting Younger, 401 U.S. at 46-54). Cutler failed to allege any plausible facts to show that this "extraordinary circumstances" exception should apply to his case. Accordingly, abstention was proper and the District Court correctly dismissed the complaint as to all defendants to the extent that Cutler

7

asked the Court to vacate Judge Miller's order in the case brought against him by East Lampeter Township.[3]

We further agree with the District Court that, even if <u>Younger</u> does not bar Cutler's claims in their entirety, they were otherwise insufficient to withstand dismissal under Rule 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the amended complaint. See <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544, 570 (2007). A claim is plausible when the facts alleged allow the court to draw the inference that the defendant is liable for the misconduct alleged. See <u>Burtch v. Millberg Factors, Inc.</u>, 662 F.3d 212, 220-21 (3d. Cir. 2011). Although factual averments must be accepted as true, legal conclusions are disregarded. See <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).

A conspiracy cannot be inferred from the facts alleged in Cutler's amended complaint. "To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." <u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 178 (3d Cir. 2010) (citing <u>D.R. v. Middle Bucks Area Vocational Technical School</u>, 972 F.2d 1364, 1377 (3d Cir. 1992)).

---

[3] We agree with the District Court that, notwithstanding Rule 4(m), Fed. R. Civ. P., dismissal with prejudice of Cutler's claims against the non-moving defendants who were not properly served was proper; the grounds raised by the moving defendants were common to all defendants and Cutler had an opportunity to respond to the moving defendants' arguments. In addition, the District Court properly denied Cutler's motion for a default judgment because he failed to properly serve the nonresponding defendants.

"'[M]erely resorting to the courts and being on the winning side of a lawsuit does not make [the winning] party a co-conspirator or joint actor with the judge.'" Id. (quoting Dennis v. Sparks, 449 U.S. 24, 28 (1980)).  The "conspiracy" alleged by Cutler was, in fact, a lawful action in mandamus to compel him, as an elected official, to perform his duties as required by state and local law.  Accordingly, we uphold the dismissal of Cutler's amended complaint, to the extent that Younger does not bar his claims in their entirety, as otherwise insufficient to withstand dismissal under Twombly, 550 U.S. at 570.[4]

Last, Cutler's motion to consolidate was properly denied.  Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  Cutler failed to identify any common questions of law or fact between his action and the other actions he identified, or even provide a rational explanation for why his amended complaint should be consolidated with the other cases.  Those cases included, among other wholly unrelated cases, the criminal prosecution of Rufus Seth Williams, the former Philadelphia District Attorney, a mining action by BSG Resources against the billionaire George Soros for tortious interference with contract, and a class action against the Democratic National Committee for supporting Hilary Clinton.  Cutler's motion for reconsideration was properly denied because he did not argue an intervening change in the law, new evidence,

---

[4] In view of the proper dismissal of Cutler's amended complaint as to all defendants, his motion for summary judgment was moot and properly denied.

9

or a clear error of law.  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

For the foregoing reasons, we will affirm the orders of the District Court dismissing Cutler's amended complaint pursuant to Rule 12(b)(6) and denying his motion for reconsideration.  Cutler's "Motion for Directed Verdict to Vacate State Verdicts" is denied.  Appellees Green and Hauser's motion to strike Cutler's reply brief as untimely filed is denied and Cutler's request, contained in a response to their motion, to extend the time to file his reply brief until December 6, 2017 is granted.