Rothey Bros., Inc. *v*. Elizabeth Township, Appellant.

Argued January 3, 1955. Before STERN, C. J., STEARNE, JONES, CHIDSEY and MUSMANNO, JJ.

*Gay B. Banes,* with him *Edward B. Servov,* for appellants.

*Glenn C. Jones,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, March 14, 1955:

Plaintiff, Rothey Bros., Inc., filed a complaint in mandamus against the Commissioners of Elizabeth Township, Allegheny County, alleging that on or about June 1, 1953, it made application for the approval of a proposed subdivision plan of lots for recording purposes; that the plan had been approved on that date by the Allegheny County Planning Commission; that although numerous conferences have been held in reference thereto the Commissioners have either neglected or refused to approve the plan so that plaintiff has been unable to proceed with the development of its housing project; that the application has been refused for no valid reason and without any legal basis. Plaintiff prayed for a judgment in mandamus compelling the Commissioners to approve the plan. Defendants filed preliminary objections on the ground, inter alia, that the court did not have jurisdiction over the subject matter. The court heard argument during the course of which plaintiff stated to the court that defendants refused to take action on the plan and either to approve or disapprove it, whereupon the court dismissed the preliminary objections, decreed that plaintiff should file an amended complaint, and ordered defendants to answer. Without giving plaintiff adequate time to file an amendment defendants appealed under the Act of March 5, 1925, P. L. 23, raising the question of jurisdiction. Plaintiff thereupon filed an amendment to its complaint and later a complete amended complaint in which it alleged that notwithstanding many requests

on the part of plaintiff that the Commissioners should take action on its application and either approve or disapprove the plan they refused to take any action and have neglected and refused either to approve or disapprove it.

It is defendants' contention that since the original complaint averred that they had neglected or refused to approve the plan and that the application had been refused for no valid reason the Court of Common Pleas did not have jurisdiction and that plaintiff's only remedy was by appeal to the Court of Quarter Sessions under the amendment of May 31, 1947, P. L. 362, to The First Class Township Law; that amendment provides for appeals to the Quarter Sessions from the *disapproval* by a Board of Township Commissioners of a subdivision plan. However, the allegations in the complaint did not clearly show whether defendants had actually *disapproved* the plan or had neglected or refused to approve it by not taking any action at all in regard thereto. The court, therefore, properly directed the filing of an amended complaint, which, when filed, definitely averred that the Commissioners, notwithstanding repeated requests, had "neglected and refused *either to approve or disapprove*" the plan, and that their failure "*to take action* on its application for the approval or disapproval" of the plan was without any legal basis. On this amended pleading plaintiff's right to bring an action of mandamus in the Common Pleas was established, for, while such an action will not lie to *control* the exercise of discretion by public officials, it may properly be used to compel them to *exercise* their discretion so as to arrive at *some* decision: *Schenley Farms Co. v. McGovern,* 312 Pa. 67, 72, 73, 167 A. 779, 781; *Commonwealth ex rel. Kelley v. Pommer,* 330 Pa. 421, 439, 199 A. 485, 492; *Edelman v. Boardman, Secretary of Revenue,* 332 Pa. 85, 92,

2 A. 2d 393, 396, 397; *Hotel Casey Co. v. Ross,* 343 Pa. 573, 583, 23 A. 2d 737, 742; *Commonwealth ex rel. Coghlan, District Attorney, v. Beaver Falls Council,* 355 Pa. 164, 167, 168, 49 A. 2d 365, 366.

The order of the court below is affirmed.