James L. Larson, C. Richard Ryan, John Hucker
and Easttown Township, Appellants, v. Peirce
Junior College, Appellee.

Argued October 1, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and BLATT. Judge ROGERS did not participate.

*John S. Halsted*, with him *Gawthrop & Greenwood*, for appellants.

*Thomas A. Riley, Jr.*, with him *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.* and, of counsel, *Wolf, Block, Schorr and Solis-Cohen*, for appellee.

OPINION BY JUDGE KRAMER, December 19, 1973:

This is an appeal from an Order of the Court of Common Pleas of Chester County dated December 13, 1972 entering summary judgment on a complaint in mandamus.

In 1969, Peirce Junior College (Peirce), a Pennsylvania nonprofit educational institution with its principal office located in Philadelphia, purchased approximately 75 acres of land in Easttown Township (Easttown). A "manor house" was in existence on the land at the time of purchase. The purpose of the purchase was the establishment of a junior college campus. After

some informal meetings with township officials extending over a period of approximately two years, Peirce filed an application for a conditional use of the property for educational purposes. The land in question is located partially in an A.A. Zone and partially in an A.A.A. Zone. Under the Township Zoning Ordinance, educational uses are permitted in both zones as a conditional use.

Pursuant to the terms of Easttown's Zoning Ordinance, the matter was referred to Easttown's Planning Commission, and after hearings, the Planning Commission recommended approval of Peirce's application. Thereafter, the Supervisors of Easttown held a public meeting to consider Peirce's application for a conditional use. A record was made of that meeting. Thereafter, on June 5, 1971, the Board of Supervisors of Easttown publicly reconvened the hearings concerning the Peirce application, after having considered same in executive sessions. At this last meeting, the Chairman of the Board of Supervisors stated for the record:

"Given this confusion in the entire record, given the obvious inadequacy of the record with its contradictions, even to decide what is before us, and given the serious and important land use issues which ultimately underlie this applicant's plans, we decline now to approve this application.

"However, in fairness to the applicant, we will not disapprove it, pending an opportunity for the applicant to reconsider and clarify its position by appropriate further proceedings before the Planning Commission and, ultimately, our Board." It is apparent from the record that the Board of Supervisors was concerned with the fact that Peirce's application for a conditional use only involved the first phase of its development of a junior college. This phase included provisions for 100 students, and alterations and modifications to the existing manor house. The record indicates a disclosure by

Peirce that its ultimate goal included plans for the development of dormitories, classrooms and gymnasiums to service approximately 600 students. The record also indicates that due to the objections of citizens in the area to this development, the Board of Supervisors appeared to be fearful of becoming committed to the future development of Peirce through the approval of the first phase of the development as evidenced by the application for the conditional use.

At this point we should note, as the court below noted, that Section 1207 of the Zoning Ordinance of Easttown provides: "The Board of Supervisors *shall* approve or disapprove the application by resolution. In case of approval it shall affirm, modify and/or supplement the conditions and requirements recommended by the [Planning] Commission, as the Board may find proper pursuant to the standards and criteria set forth above. Unless otherwise provided in the resolution of approval, *any subsequent extension of the approved conditional use shall require a re-application under Section 1201.*" (Emphasis added.)

After service on all of the defendants, the plaintiff filed a motion for summary judgment under Pa. R. C. P. No. 1098. Shortly thereafter, the defendants filed answer to the complaint. Notice of the motion for summary judgment was given to all defendants. The court below heard argument on the motion, and thereafter, Judge SHELLEY directed counsel for both parties to present an agreed upon proposed order which would be favorable to Peirce. Judge SHELLEY died before counsel were able to agree upon an acceptable order. The matter then was transferred to President Judge KURTZ, who thereafter on December 13, 1972, granted the motion for summary judgment.

In effect, Judge KURTZ directed the Board of Supervisors of Easttown to either approve or disapprove Peirce's application for a conditional use.

In its appeal to this Court, Easttown contends that the court below erred in granting the summary judgment because there were insufficient facts of record, and that the court improperly interfered with the Board of Supervisors' power and discretion under the law.

The record in this case establishes a classic example of the very purpose of an action in mandamus. Here, the Board of Supervisors has been given authority under Section 603 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, art. VI, §603, 53 P.S. §10603 to enact zoning ordinances which include provisions for conditional uses. It has enacted such an ordinance and after following all the provisions of the ordinance, Peirce still has been met with a roadblock consisting of inaction. The Board of Supervisors has refused to either approve or disapprove the application for the conditional use. The court below quite properly has not invaded the discretionary prerogatives of the Board of Supervisors by directing them to either approve or disapprove; the court has properly directed the Board to make a decision. Under similar facts, our Supreme Court in *Rothey Bros., Inc. v. Elizabeth Township,* 381 Pa. 30, 32, 112 A. 2d 87, 89 (1955), stated: "On this amended pleading plaintiff's right to bring an action of mandamus in the Common Pleas was established, for, while such an action will not lie to *control* the exercise of discretion by public officials, it may properly be used to compel them to *exercise* their discretion so as to arrive at *some* decision . . . ." (citing cases) (Emphasis in original.) *See also Nicolella v. Trinity Area School District School Board,* 444 Pa. 544, 281 A. 2d 832 (1971). The case of *Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 297 A. 2d 823 (1972), sets forth the guideline under which relief in mandamus may be granted. The Court there stated: "It is axiomatic that mandamus is an extraordinary writ which lies to compel

the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. (Citing cases) . . . . Mandamus does not lie to compel the performance of discretionary acts except where the exercise or nonexercise of discretion is arbitrary, fraudulent, or based upon a mistaken view of the law." 449 Pa. at 295, 297 A. 2d at 824-825. In *Valley Forge, supra,* the plaintiff was attempting to force the regulatory agency to use its discretion to revoke a license. The Court reasoned that because the Commission under its statutory authority had the exclusive discretion in a proceeding before it, and the availability of an adequate remedy under the statute, mandamus was not a proper action. In this case the Board of Supervisors has been directed by the ordinance to either approve or disapprove an application. There is no question that the Board has the discretion to do either; but the Board does not have discretion to hold this application in limbo forever.

Pa. R. C. P. No. 1098 provides: "At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in such event notice shall be given as soon as possible." Our reading of the Pa. R. C. P. No. 1098 permits us to conclude that upon the showing of notice to all parties and the court's determination that its right to relief in mandamus was clear, Peirce was entitled to a determination by the court below. From a review of the entire record, we conclude that the Order of the court below must be affirmed.

In view of the fact that on January 19, 1973 the court below granted a supersedeas in effect suspending

enforcement of the court's Order pending final adjudication on this appeal, we

ORDER

AND NOW, this 19th day of December, 1973, it is hereby ordered that the 45-day period granted to the defendants to approve or disapprove the application for a conditional use filed by Peirce Junior College commence to run from the date of this Order.