## Greenberg et al. v.
## Buckingham Township Supervisors

*Richard McBride*, for plaintiffs.
*Peter Glascott*, for defendants.

GARB, *J.*, December 23, 1974—Plaintiffs herein have instituted this action in mandamus to which

defendant filed preliminary objections. An amended complaint was filed and additional preliminary objections taken thereto as in the nature of a motion to strike and a demurrer. We dispose herein of those preliminary objections.

The first three of the preliminary objections are in the nature of a motion to strike the complaint. The first of these is a motion to strike for lack of conformity with Pa. R.C.P. 1002 and 1024. The verification to the amended complaint was taken by counsel for plaintiffs. Rule 1002 provides that any act other than verification required or authorized by that chapter to be done by a party may be done by his attorney. It is implicit in this rule that an attorney may not take the verification to the complaint. However, Rule 1024(c) provides that the verification shall be made by one or more of the parties filing the pleading unless all the parties either lack sufficient knowledge or information or are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases the verification may be made by *any person* having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party.

The complaint alleges that plaintiffs are applicants for a curative amendment to defendant's zoning ordinance, filing such application on or about July 29, 1974, under and pursuant to the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805 as amended by the Act of June 1, 1972, P.L. 238 (No. 93), 53 PS §§10101, et seq. It is alleged therein that a meaningful hearing on the application was not fixed within 60 days as re-

quired by the Municipalities Planning Code but, rather that defendant fixed September 19, 1974, at 7:30 o'clock p.m. for the purported hearing; said hearing to conclude prior to the commencement of defendant's regular business meeting on that date at 8:00 p.m. and that these facts were transmitted to plaintiffs' counsel by defendant's solicitor. It is further alleged that by virtue of certain representations made to plaintiffs' counsel by defendant's solicitor, no further time will be allocated for hearing this application prior to Thanksgiving of 1974. These two allegations constitute, essentially, the operative elements of the complaint. Based upon these facts, it is plaintiffs' contention that the facts asserted in the complaint are peculiarly within the knowledge of counsel and not within the knowledge of the parties plaintiff.

The verification provides that Richard P. McBride, being duly sworn according to law, deposes and says that he is the attorney for plaintiffs, that the facts upon which the complaint is based are personally within his knowledge and that plaintiffs themselves lack the knowledge and information upon which the averments are made to the extent that McBride would be personally aware of such knowledge or information due to his involvement in the underlying zoning proceedings, and that McBride is authorized to take this affidavit on behalf of plaintiffs and that the facts set forth in the complaint are true and correct to the best of his knowledge, information and belief. We are satisfied that this verification complies with the holding of Malantonio v. Malantonio, 37 D. & C. 2d 687 (1965). Therein it was held that Rules 1002 and 1024 must be read together to provide that there are extraordinary circumstances whereby the party

lacks sufficient knowledge to swear to the complaint but where another party may have such knowledge. Although it is an extraordinary situation, it was held in Malantonio v. Malantonio, supra, that where such an extraordinary circumstance prevails even an attorney may be permitted to take the verification, although it is considered not to be good form. We believe that this is such an extraordinary situation and that those facts are supported on the record before us. Therefore this preliminary objection will be dismissed.

The second preliminary objection as in the nature of a motion to strike is founded upon plaintiffs' alleged failure to exercise and/or exhaust their statutory remedy at law. It is specifically asserted that plaintiffs had a remedy in the Second Class Township Code whereby they can gain relief from the township supervisors' failure to discharge their official duties. The Act of July 10, 1947, P.L. 1481, sec. 5, 53 PS §65503, provides that if any township officer refuses or neglects to perform his duties, the court of quarter sessions, upon complaint in writing by five percent of the registered electors of the township, may issue a rule upon such officer to show cause why his office should not be declared vacant and thereupon, upon hearing held, remove that officer from office. We do not believe that this provision of the Second Class Township Code provides an adequate statutory remedy at law. Under this provision, duly elected public officers may be removed from office only upon showing of a perverseness which amounts to criminality or culpable indifference to their official duties: Foltz Appeal, 370 Pa. 567 (1952). Clearly, plaintiffs do not allege acts of criminality or culpable indifference to the official duties by the supervisors. Furthermore,

this remedy totally fails to meet the needs of an individual suitor who is aggrieved by an action or inaction of an elected official because he can gain redress only by joinder of five percent of the registered electors of the township, an almost insurmountable burden where the right he asserts is a personal one. Our courts have recognized jurisdiction in the courts of common pleas to entertain actions in mandamus to require township officials to discharge their official duties in zoning matters. See Rothey Bros., Inc. v. Elizabeth Township, 381 Pa. 30 (1955) and Larson v. Peirce Junior College, 11 Pa. Commonwealth Ct. 271 (1973). Therefore, this preliminary objection must likewise be dismissed.

The third preliminary objection as in the nature of a motion to strike is to the effect that plaintiffs are relegated exclusively to the provisions of the Municipalities Planning Code for redress of their grievances and that, therefore, this court lacks jurisdiction over an action in mandamus. Specifically defendant refers to the Act of June 1, 1972, P.L. 238 (No. 93), sec. 1001, 53 PS §11001, which provides that the proceedings set forth in this article (article X on appeals) shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act. We do not believe that this section ousts this court of jurisdiction because the matter complained of by plaintiffs or from which they seek review is not an ordinance, decision, determination or order of the governing body. We are satisfied that this section refers to substantive matters contained in the ordinance, decision, determination or order of the governing

body from which an appellant seeks review and not the procedural matter of fixing hearing dates. Knup v. Philadelphia, 386 Pa. 350 (1956), cited by defendant, is totally inapposite. Defendant relies on one of the holdings of that case to the effect that where there is a remedy or method of procedure provided by an act of Assembly the directions of such act must be strictly pursued, and such remedy or procedure is exclusive. In that case plaintiffs were seeking an injunction to restrain the City of Philadelphia from issuing any permit under the terms of an ordinance which rezoned a certain tract of land. The court therein held that the statutory proceedings for appeal from the substantive provisions of a zoning ordinance must be followed and may not be circumvented by an action in equity. That holding is totally irrelevant to the matter before us and does not control the question extant. We are satisfied that there is no act of Assembly providing for some other exclusive remedy for the relief sought by plaintiffs herein. Under such circumstances mandamus affords an available remedy, even in a zoning case. Monroeville Boro. et al. v. Effie's Ups and Downs, 12 Pa. Commonwealth Ct. 279 (1974). Therefore, this preliminary objection must be dismissed.

Defendants have likewise asserted a demurrer alleging that the complaint does not set forth a claim for relief in mandamus involving purely ministerial matters required to be performed by the board of supervisors but rather, alleges and avers discretionary matters and decisions of the board of supervisors. Admitting as true all well pleaded material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, as we must for purposes of these preliminary objec-

tions (Sacred Heart Hospital v. Lanshe, 445 Pa. 57 (1971) and Clevenstein v. Rizzuto, 439 Pa. 397 (1970)), we are satisfied that this preliminary objection is likewise of no merit. The complaint sets forth that plaintiffs are owners of certain real estate in Buckingham Township and that they filed an application for a curative amendment under the Municipalities Planning Code. The complaint further alleges that a meaningful hearing has not been fixed within 60 days of the said application as required by the Act of June 1, 1972, P.L. 238 (No. 93), sec. 1004, 53 PS §11004, and sec. 609.1, 53 PS §10609.1. Assuming these facts to be true, this preliminary objection must likewise fail.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in a plaintiff, a corresponding duty in a defendant and a want of any other appropriate and adequate remedy: Unger v. Hampton Township, 437 Pa. 399 (1970); Gallagher v. Springfield Township Board of Commissioners, 438 Pa. 280 (1970); Martin v. Garnet Valley School District, 441 Pa. 502 (1971) and Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners, 440 Pa. 299 (1970). In a mandamus proceeding, a court can compel a public official who is vested with a discretionary power to exercise that discretion, but it cannot interfere with or control the official's discretion or judgment. Expressed another way, it is the discretion and judgment of the official who is vested with the discretionary power which prevails and not that of a court or a jury or a person aggrieved: Martin v. Garnet Valley School District, supra; Larson v. Peirce Junior College, supra; Porter v. Bloomsburg State College, 450 Pa. 375 (1973); Valley Forge Racing Association v. State Horse Racing Commis-

sion, 449 Pa. 292 (1972). The Municipalities Planning Code mandates that a hearing be held within 60 days and reason dictates that that be a meaningful hearing. Whether or not plaintiffs can adequately support their allegations in the ultimate hearing on this matter is not now before us. It is sufficient if they have fully and adequately pleaded facts which if believed would support the relief they now claim. We are satisfied that they have and that there is a mandatory duty upon defendant to fix a meaningful hearing within 60 days of the date of the filing of the application. Therefore, we are satisfied that plaintiffs have fully and adequately pleaded a cause of action of which this court may take cognizance in an action in mandamus.

Defendant's fifth preliminary objection as in the nature of allegation of a failure to join indispensable parties has been abandoned.

### ORDER
And now, December 23, 1974, it is hereby ordered, directed and decreed that defendant's preliminary objections as in the nature of motions to strike and a demurrer are denied, dismissed and overruled with leave to defendant to file an answer to the complaint within 20 days of the date hereof.