511 A.2d 277

Amrit Lal, Individually and on behalf of others similarly situated, Appellant *v.* Irene B. Brooks, Prothonotary, Chester County, Pennsylvania, Appellee.

Argued December 12, 1985, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*David H. Moskowitz,* for appellant.

*Stephen P. Lagoy,* with him, *Thomas A. Shovlin* and *Ellen K. Glessner,* for appellee.

OPINION BY JUDGE PALLADINO, June 26, 1986:

Amrit Lal (Appellant) appeals from an order of the Court of Common Pleas of Chester County which sustained the preliminary objections in the nature of a demurrer raised by Irene B. Brooks (Appellee) and thereby dismissed Appellant's complaint in mandamus. We affirm.

Appellee is the Prothonotary of Chester County. Pursuant to statute,[1] she was sworn into office on Monday, January 2, 1984. Because New Year's day fell on a Sunday that year, the holiday was observed on Monday, January 2, and so Appellee began her commission on a day when all county offices were closed. The following day, January 3, Appellee raised the filing fee for the commencement of actions in Chester County from twenty-five dollars to fifty dollars.

Appellant brought a class action against Appellee, seeking a writ of mandamus compelling Appellee to reinstate the twenty-five dollar filing fee and to reimburse those persons who had paid the fifty dollar fee for the difference between the new and old fees. Appellee filed preliminary objections in the nature of a demurrer to Appellant's complaint. The trial court sustained Appellee's preliminary objections, having determined that Appellee's action in raising the filing fee comported with the requirements of Section 21071 of the Second Class County Prothonotary Fee Act[2] (Section 21071),

[1] Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §1301, which provides in part that newly elected prothonotaries are to take office on the first Monday in January following the general election.

[2] Act of April 8, 1982, P.L. 303, *as amended,* added by Act of November 26, 1982, P.L. 744, 42 P.S. §21071.

and that the increased filing fee did not unconstitutionally deny Appellant access to the courts.

On appeal to this Court, Appellant contends that Appellee violated Section 21071, because she did not raise the filing fee on or before January 1 as is required by the statute, and because the fee she set did not bear a reasonable relationship to the sum sufficient to maintain and operate the office of the Prothonotary. Claimant also argues that the new filing fee, because it is in excess of the minimum required, has the effect of unconstitutionally denying him access to the courts.

The decision of whether or not to grant relief in a mandamus action is within the sole discretion of the trial court. *Porter v. Board of Supervisors, North Franklin Township*, 82 Pa. Commonwealth Ct. 440, 474 A.2d 1241 (1984). Our scope of review is limited to a determination of whether, in reaching its decision, the trial court abused its discretion or committed error in applying the law. *Id.*

Initially, we determine that the trial court did not err in concluding that Appellee raised the filing fee in a timely fashion on January 3, 1984, despite the provision in Section 21071 that requires filing fees to be raised on or before January 1 of a given year. As the trial court correctly noted, Section 21071 is properly read in conjunction with 1 Pa. C. S. §1908, which provides as follows:

> When any period of time is referred to in any statute, such period *in all cases* . . . shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation. (Emphasis added.)

Because January 1, 1984 was a Sunday, and January 2 was a legal holiday, Appellee did not violate Section 21071 by raising filing fees on January 3 since, pursuant to 1 Pa. C. S. §1908, January 1 and January 2 are not counted in determining the time limitation specified in Section 21071.

Appellant's contention that the filing fee set by Appellee was not reasonably related to the amount needed to run her office is likewise without merit. Section 21071 requires that the fee for commencing any action shall be "not less than $15 or more than $50" and that it "shall bear a reasonable relationship to the sum sufficient to maintain and operate the office of the prothonotary." As long as a filing fee is within the limits set by Section 21071, it is within the discretion of a prothonotary to determine what fee is reasonably calculated to generate the sum necessary to maintain his or her office.

Mandamus is an extraordinary remedy, and will not lie to compel the performance of discretionary acts except where the exercise or non-exercise of discretion is arbitrary, fraudulent or based upon a mistaken view of the law. *Madden v. Jeffes*, 85 Pa. Commonwealth Ct. 414, 482 A.2d 1162 (1984). Accordingly, it was incumbent upon Appellant to allege facts which would show that, by raising the filing fee, Appellee exercised her discretion in an arbitrary, fraudulent or illegal manner. Appellant has failed to make such a showing.

For the purpose of ruling upon a demurrer, the well-pleaded factual allegations in Appellant's complaint, but not the legal conclusions set forth therein, are accepted as true. *County of Allegheny v. Commonwealth of Pennsylvania*, 85 Pa. Commonwealth Ct. 73, 480 A.2d 1330 (1984). Although Appellant admits that the fee established by Appellee falls within the statutory limits, he avers that "the increase in filing fees results in

revenues exceeding the expenses duly allocable to the prothonotary's office and the amortized portion of 1984 capital expenditures." This allegation does not, however, indicate that Appellee's action was in any way arbitrary or fraudulent. Moreover, it does not indicate that Appellee acted outside of the parameters of Section 21071, because the statute does not charge a prothonotary with the duty of making a precise accounting, but merely requires that the prothonotary impose a fee which is reasonable in relation to the sum necessary to maintain the prothonotary's office. We conclude, therefore, that Appellant failed to plead material facts which, if proved, would be sufficient to carry his burden of showing that Appellee's exercise of discretion was arbitrary, fraudulent, or illegal. *See South Whitehall Township v. Department of Transportation,* 11 Pa. Commonwealth Ct. 558, 316 A.2d 104 (1974).

Finally, in regard to Appellant's assertion that he was unconstitutionally denied access to the courts, the trial court found that the facts as alleged by Appellant show only that Appellant himself limited his access to the courts by willfully refusing to pay the requisite fee. Appellant's complaint alleges that Appellant attempted to commence an action by paying the prior filing fee, and that he was refused. As the trial court noted, however, Appellant did not allege that he was indigent, that he petitioned for a waiver of the fee, or that he was treated differently from any other plaintiff attempting to bring suit in Chester County. The trial court, therefore, did not abuse its discretion in determining that Appellant had not alleged sufficient facts to support the contention that his constitutional rights were violated.

The order of the trial court is affirmed.

ORDER

AND NOW, June 26, 1986, the order of the Court of Common Pleas of Chester County at No. 84-00824, dated November 5, 1984, is affirmed.