522 A.2d 1190

FR&S, Inc., a Pennsylvania Corporation, Petitioner
*v.* Commonwealth of Pennsylvania, Department of
Environmental Resources, Respondent.

Submitted on briefs February 23, 1987, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*William F. Fox, Jr., Fox, Differ, Callahan, Ulrich & O'Hara,* for petitioner.

*Andrew H. Cline,* Associate Deputy General Counsel, with him, *Barry M. Hartman,* Administrative Deputy General Counsel, and *Henry G. Barr,* General Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 23, 1987:

In 1983, the Department of Environmental Resources issued an order denying the present petitioner, FR&S, Inc., a solid waste permit and directed that the petitioner cease all operations at its solid waste disposal site.

On May 10, 1983, FR&S timely filed a Notice of Appeal with the Environmental Hearing Board, requesting that the board review that order. An examiner held a hearing which was completed on August 15, 1984. However, the board has issued no decision.

FR&S next filed a petition for review addressed to our original jurisdiction. That petition, which is here at issue, requests that this court direct the Environmental Hearing Board to issue an adjudication on the appeal.

We treat the petition as an action in mandamus because it requests this court to direct a governmental agency to perform a statutorily-required duty. 1 G. Darlington, K. McKeon, D. Schuckers & K. Brown, Pennsylvania Appellate Practice §1502:5 (1986). Such treatment raises no question of jurisdiction. *Auditor General v. Borough of East Washington,* 474 Pa. 226, 378 A.2d 301 (1977).

Of course, where a public official has an absolute duty to exercise his discretion, mandamus will lie' to compel the exercise of that discretion in some manner, even though it cannot compel the exercise of discretion in a particular manner. *Larson v. Pierce Junior College,* 11 Pa. Commonwealth Ct. 271, 314 A.2d 572 (1973).

As the board acknowledges, FR&S is not here requesting that we compel the board to reach a specific

result, but merely that we require the board to make a decision. In *Larson,* this court held that mandamus will lie to compel an administrative board to reach a decision, noting that such a board cannot leave a matter in limbo, undecided, for an overlong time.

In response, the board, through preliminary objections, contends first that FR&S has failed to exhaust its administrative remedies because it has not petitioned the board to consider the exigencies which might exist in the case. Next, the board contends that the petition does not establish those elements which would entitle FR&S to relief by mandamus, specifically, an abuse of discretion by the board and a clear right to relief. *Madden v. Jeffes,* 85 Pa. Commonwealth Ct. 414, 482 A.2d 1162 (1984).

Section 108 of the Solid Waste Management Act[1] provides:

> In addition to exercising its powers and duties to hold hearings and issue adjudications or any order, permit, license or decision of the department according to the provisions of 'The Administrative Code of 1929' and the Administrative Agency Law, the Environmental Hearing Board shall have the power and its duty shall be to hold, if requested to do so by any party to a duly perfected appeal of an oral order under section 602(D) to hold a hearing on any duly filed petition for supersedeas of such order within six business days of the receipt of such request by the board.

35 P.S. §6018.108. Further, the regulations of the Environmental Hearing Board provide in part:

> (a) *At the conclusion of the proceedings, the Board shall issue an adjudication* containing a

---

[1] Act of July 7, 1980, P.L. 380, 35 P.S. §6018.108.

discussion, findings of fact, conclusions of law and an order.

(b) The Board will serve a copy of the adjudication on parties to the proceedings or their representatives.

25 Pa. Code §21.118 (emphasis added).

Emphasizing that no statutory or regulatory directive determines the amount of time within which the board may issue its adjudications, the board contends that it has broad discretion in the management of its case docket so that it may give due regard to the numerous complex and time-consuming appeals before it. The board suggests that our granting of mandamus in the present case would amount to paying "special attention" to this case, although FR&S has alleged no compelling circumstances.

We agree that the board must have considerable latitude in managing its case docket. However, we cannot agree that an applicant before the board is required to wait indefinitely for an adjudication. A decision after a two-and-one-half-year wait certainly would not constitute "special attention." At such a late date, the presence of unique exigencies is unnecessary to bring this matter to the board's attention. The universally accepted maxim is that justice delayed is justice denied.

Accordingly, we overrule the board's preliminary objections and direct that it file an answer so that this court may set a hearing on the merits of the request.

ORDER

Now, March 23, 1987, the preliminary objections of the Environmental Hearing Board, filed on October 20, 1986, in response to FR&S's petition for review are overruled. The Environmental Hearing Board is directed to file an answer to the petition for review so that this court may set a hearing date.