534 A.2d 553

Germantown Business Association, Appellant *v.* City of Philadelphia, Henry L. Herling, Commissioner of Licensing & Inspection, Appellee.

Argued September 14, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Ronald J. Harper, Harper & Paul,* for appellant.

*Flora Barth Wolf,* Deputy City Solicitor, with her, *Andrew P. Bralow,* Divisional Deputy City Solicitor, and *Handsel B. Minyard,* City Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, December 7, 1987:

Germantown Business Association (Appellant) appeals from a decision of the Court of Common Pleas of Philadelphia County dismissing Appellant's petition for injunction and its complaint for mandamus against the City of Philadelphia and Henry R. Herling, Commissioner of Licensing & Inspection (Appellees).

Appellant is an organization consisting of merchants who claim interests in businesses operating in the Germantown area of Philadelphia. Numerous street vendors also operate in the Germantown area, and such operation competes with Appellant's businesses. In some of the areas where vendors operate, the Philadelphia Code specifically prohibits all street vending. Appellant has sought to resolve the problem of non-enforcement of the prohibition on vending through various meetings with Philadelphia departments and offices which deal with vendors in the city. Appellant has also sought to reach agreements with the vendors themselves, but the vendors apparently have not abided by any such agreements.

Unable to satisfactorily resolve the problem, Appellant sought relief in the courts by filing both a complaint in mandamus and an equitable petition for man-

datory injunction. Both actions sought to compel Appellees to enforce various provisions of the Philadelphia Code. The trial court dismissed the petition for mandatory injunction on the ground that mandamus provided an adequate remedy at law and, therefore, equitable relief was not available. After addressing the merits of the complaint in mandamus, the trial court determined that mandamus, as pled by Appellant, did not lie.

Appellant presents four issues for our review: 1) did the trial court err in concluding that mandamus provides an adequate remedy at law, thereby precluding an action in equity; 2) did the trial court err in concluding mandamus was not available on the ground Appellant had other adequate remedies at law; 3) did the trial court err in concluding that Appellant did not establish a right to relief different from that of the general public; and 4) did the trial court err in concluding that enforcement of the Philadelphia Code's prohibition on vending in the Germantown area is discretionary and not mandatory.

Our analysis begins with a determination of when the extraordinary writ of mandamus will issue. A writ of mandamus is a command from a court to an inferior entity directing performance of a particular duty which results from the official station of the entity to whom it is directed or from operation of law. *Goodman v. Meade*, 162 Pa. Superior Ct. 587, 60 A.2d 577 (1948). Mandamus will lie only to compel performance of a ministerial act or mandatory duty. *Rizzo v. Schmanek*, 63 Pa. Commonwealth Ct. 547, 439 A.2d 1296 (1981). The plaintiff must establish a clear right to relief, *FR&S, Inc. v. Commonwealth of Pennsylvania, Department of Environmental Resources*, 104 Pa. Commonwealth Ct. 647, 522 A.2d 1190 (1987), the lack of any other adequate remedy at law, Pa. R.C.P. No. 1095, and that the plaintiff has demanded performance of the duty and the de-

fendant has refused to so perform. *Id*. A private plaintiff who seeks to enforce a public duty must also establish " 'an individual and beneficial interest in the litigation independent of that which is held by the public at large.' " *Carino v. Board of Commissioners of Armstrong County*, 79 Pa. Commonwealth Ct. 242, 249, 468 A.2d 1201, 1205 (1983) (quoting *Dombrowski v. Philadelphia*, 431 Pa. 199, 204, 245 A.2d 238, 241 (1968)).

"The decision of whether or not to grant relief in a mandamus action is within the sole discretion of the trial court. . . . Our scope of review is limited to a determination of whether, in reaching its decision, the trial court abused its discretion or committed error in applying the law." *Lal v. Brooks*, 98 Pa. Commonwealth Ct. 380, 383, 511 A.2d 277, 279 (1986) (citations omitted). After review of the record and the law, we conclude that the trial court did not abuse its discretion or commit an error of law.

Appellant's request for mandamus cannot be granted because the duty sought to be compelled is not mandatory or ministerial:[1]

> A ministerial act is defined as 'one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed.'

*Flaherty v. City of Pittsburgh*, 100 Pa. Commonwealth Ct. 508, 509-10, 515 A.2d 91, 92 (1986) (quoting 17 McQuillen, *Municipal Corporations* §51.19 (3d ed.

---

[1] Because we have determined Appellant has not met this prerequisite for mandamus to lie, and affirm the trial court on this issue, we do not reach Appellant's other two arguments dealing with the propriety of mandamus.

1982)). Appellant's suggested order would require, among other things, that License & Inspection officers visit the Germantown area twice daily for 90 days.[2] Thus, although the prohibition on vending would seem to make the act sought to be compelled ministerial, Appellant's own suggested order would deprive the Bureau of Licensing & Inspection of discretion. As noted by the trial court: "The authority to enforce trade or commercial regulations does not deprive the authorized body of discretion as to when and how to enforce particular provisions at any given time." *Germantown Business Association v. City of Philadelphia,* (No. 4339 January Term 1986, filed June 23, 1986), slip op. at 11. *See Dorris v. Lloyd,* 375 Pa. 474, 100 A.2d 924 (1953), *cert. denied,* 347 U.S. 936 (1954). And, as this court has stated: "[T]he purpose of mandamus is to compel the performance of a single ministerial act; it is not usually the appropriate remedy where the relief sought is a general course of official conduct or a series of actions. . . ." *El Concilio Appeal,* 86 Pa. Commonwealth Ct. 219, 228, 484 A.2d 817, 821 (1984). Because Appellant seeks to compel a general course of official conduct, mandamus does not lie. Accordingly, the trial court correctly dismissed the mandamus action.

---

[2] Review of the record establishes that Appellant presented one suggested preliminary order and one suggested permanent order. Both the preliminary and permanent orders sought the same relief as in the injunction petition. The suggested preliminary order requests the court to direct Appellees to:

1) Enforce the Philadelphia Code Sections 9-205(8)(p); paragraphs (2)(4)(8)(9) and (13); 9-205(9)(b); 9-2037(d)(e)(f) and (i); 9-205(8)(p).

2) Immediately remove all vendors, their conveyances and wares from the following areas:

 —Section 9-205 (8)(p)(2)—Armat Street, between Germantown Ave [sic] and Lena Street;

 —Section 9-205 (8)(p)(4)—Chelten Avenue between Wissahickon Avenue and Chew Street;

Appellant also argues that dismissal of its petition for mandatory injunction was improper, contending that if mandamus is not available, it cannot be deemed an adequate remedy at law. We disagree. Appellant seeks to compel Appellees to enforce the Philadelphia Code. The relief sought fits squarely within the bounds of a writ of mandamus *if* mandamus is available. *Cf. Rizzo* and *Flaherty.*

---

—Section 9-205 (8)(p)(8)—Germantown Avenue between Coulter Street and Washington Lane;

—Section 9-205 (8)(p)(9)—Greene Street between Coulter Street and Washington Lane; and

—Section 9-205 (8)(p)(13)—Wayne Avenue between Coulter Street and Washington Lane.

3) Dispatch License and Inspection Officers to that area twice daily, at 10 A.M. and 1 P.M., to enforce the Phildelphia Code and to ensure that compliance with the Philadelphia Code is maintained for a period of ninety days from the date of this order.

4) Provide additional police protection in said area on a twenty four hour basis for a period of ninety days from the date of this order.

5) Refrain from the issue of any vendors license for the operation of any vending stand, cart or other conveyance within the City of Philadelphia until such time as defendant can demonstrate that it can and will enforce compliance with the Philadelphia Code by vendors.

6) Restrain all vendors from threatening harassing or otherwise endangering the lives, business or safety of the business owners.

7) That the City of Philadelphia is ordered to take all necessary legal steps including the filing for injunctive relief to prevent unfair and reprisal picketing and economic boycotts of Germantown businesses.

The suggested permanent order is identical except for two minor changes in paragraph 5 (the permanent order refers to "vendor licenses" rather than "vendors license" and "the issue of" is changed to "issuing" in the permanent order), and the addition of paragraph (8) which seeks "[a]ll other relief which the court deems appropriate." The request for relief in the petition for injunctive relief is identical to that sought in the suggested permanent order.

Our review of the record reveals that the complaint for mandamus and petition for mandatory injunction request the exact same relief except for minor deviations.[3] Because the duty sought to be compelled is not mandatory or ministerial, mandamus will not lie. To hold that equity may be invoked to compel the duty which mandamus will not compel would imply that when mandamus is not available because of failure to establish the prerequisites, then it is proper to proceed in equity to seek identical relief. Furthermore, although mandamus is an action at law, it is guided by equitable principles. *City of Pittsburgh v. Pennsylvania Department of Transportation*, 490 Pa. 264, 416 A.2d 461 (1980). Because both actions seek the same relief, we are persuaded that if the remedy of compelling Appellees to enforce the vending provisions of the Philadelphia Code were available, mandamus would provide that relief.

Accordingly, the decision of the trial court is affirmed.

### ORDER

AND NOW, December 7, 1987, the decision of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

---

[3] See Footnote 2.