**Crowley v. Freedom Township**

*Clayton R. Wilcox*, for plaintiffs.
*William A. Jones,* for defendants.

SPICER, *P.J.*, March 13, 1989 — Plaintiffs, who are landowners, have brought this action in mandamus to compel township officials to act on their plan of revision to the township's official plan. They have alleged they intend to use property for a conference and retreat center, which will require a sewer permit. They also allege they cannot obtain the permit because their proposed private treatment system is not consistent with the township's official plan. 35 P.S. §750.7(4). Plaintiffs say they submitted a request for revision of the plan, in accordance with 35 P.S. §750.5, to township officials on October 18, 1986, but that the township has failed to take any action.

Defendants have filed for judgment on the pleadings. The sole issue raised by brief is that plaintiffs have not exhausted administrative remedies and should be precluded from prematurely resorting to the courts.

Defendants base their position on Department of Environmental Resources regulations which allow an appeal to the department. The regulation in question provides:

"(a) A person who is a resident or property owner in a municipality may request the department to order the municipality to revise its official plan where the person can show that the official plan is inadequate to meet the sewage disposal needs of the resident or property owner. The request to the

department will contain a description of the area of the municipality in question and an enumeration of the reasons advanced by the person to show the inadequacy of the official plan.

"(b) Upon receipt of a private request for revision or supplement, the department will notify the appropriate municipality and will request written comments from the municipality to be submitted within 30 days." 25 Pa. Code §71.17 (1987).

Plaintiffs, however, cite the governing statute which states:

"Any person who is a resident or property owner in a municipality may request the department to order the municipality to revise its official plan where said person can show that the official plan is inadequate to meet the resident's or property owner's sewage disposal needs. *Such request may only be made after a prior demand upon and refusal by the municipality to so revise its official plan.* The request to the department shall contain a description of the area of the municipality in question and an enumeration of all reasons advanced by said person to show the official plan's inadequacy. Such person shall give notice to the municipality of the request to the department." 35 P.S. §750.5(b). (emphasis supplied)

Defendants cite two cases, *Solebury Township Supervisors v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 18 D.&C. 3d 696 (1981); *Borough of Sayre v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 9 D.&C. 3d 407 (1979), as authority showing DER has interpreted its regulation so as not to require prior municipal action. However, this is not true. *Solebury* hinged on a different issue entirely (pendency of a court action) and *Sayre* definitely involved prior municipal refusal.

Even if DER interprets its rules as suggested by

defendants, the court must determine if such interpretation is consistent with the statute under which it is promulgated. *Pelton v. Commonwealth of Pennsylvania, Department of Public Welfare,* 514 Pa. 323, 523 A.2d 1104 (1987). To the extent the regulation is inconsistent with the statute, it must be ignored. *Pennsylvania State Education Association v. Commonwealth of Pennsylvania, Department of Public Welfare,* 68 Pa. Commw. 279, 449 A.2d 89 (1982).

The legislature has obviously adopted a scheme in which appeals must first be made to the local municipality. Only after a refusal at that level may an appeal be made to DER.

"Mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other adequate remedy at law." *County of Allegheny v. Commonwealth of Pennsylvania,* 507 Pa. 360, 372-3, 490 A.2d 402, 408 (1985).

It lies to compel officials to take some action, either approval or disapproval, when there is a duty to do so. *Rothey Brothers Inc. v. Elizabeth Township,* 381 Pa. 30, 112 A.2d 87 (1955); *F.R. & S. Inc. v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 104 Pa. Commw. 647, 522 A.2d 1190 (1987); *Larson et al. v. Peirce Junior College,* 11 Pa. Commw. 271, 314 A.2d 572 (1973).

There may be interesting issues not yet raised. As to the narrow issue before the court, we hold that plaintiffs would be entitled to the relief sought if the allegations of the complaint are true. Therefore, defendants are not entitled to judgment on the pleadings.

## ORDER OF COURT

And now, March 13, 1989, defendants' motion for judgment on the pleadings is refused.