600 A.2d 686

**Charles BICHLER, Bichler Landfill, Petitioners,**

**v.**

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1991.

Decided Dec. 5, 1991.

---

W. Boyd Hughes, for petitioners.

Barbara L. Smith, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal of Charles Bichler, Bichler Landfill (Bichler) from the December 19, 1990 order of the Environmental Hearing Board (Board) which granted the Department of Environmental Resources' (Department) motion for summary judgment and denied Bichler's cross-motion for summary judgment. The Board's decision is reversed.

On April 9, 1988, a comprehensive set of municipal waste management regulations (Regulations), which imposed more

stringent permitting, design, and operational standards for municipal waste landfills (including construction/demolition waste landfills), were adopted by the Department and became effective on that date. *See* 25 Pa.Code §§ 271.1–285.222. Operators of landfills affected by these Regulations could choose either to not upgrade their landfill to the new standards and close their facility or re-permit their facility under the new standards set forth in Section 271.111 of the Regulations. Under Section 271.112 of the Regulations, anyone who possessed a construction/demolition waste permit issued prior to April 9, 1988 and who wished to continue operating after October 11, 1988 was mandated by Regulation to file a preliminary application for permit modification on or before October 11, 1988.

Bichler's permit for his landfill which is located in the borough of Taylor, Lackawanna County, Pennsylvania was initially issued on June 20, 1974. As a result of a lawsuit by the borough of Taylor, the Board closed the access to the landfill. On May 31, 1985 Bichler filed an amendment to its permit with the Department for access to the landfill. On September 2, 1986, the Department issued a permit amendment to Bichler's construction/demolition permit which authorized the use of public streets as access roads to Bichler's Landfill provided that certain permit conditions were met including *inter alia* municipal approval of the certification by Bichler's engineer regarding the access roads (Permit Conditions 1 and 4).[1]

On September 29, 1986, Bichler appealed the Department's permit amendment to the Board on the basis that Permit Conditions 1 and 4 which required municipal approval were an unlawful delegation by the Department of its permitting authority to the municipality. On January 6, 1989, the Board sustained Bichler's position that Permit

[1]. Permit Conditions 1 and 4 are that the structural integrity of Laurel Lane and Walnut Street should be determined by taking core borings and that there should be accident data review on Walnut Street and Laurel Lane including number of accidents, type of accidents and causation factors.

Conditions 1 and 4 were unlawful.[2] This order became a final order on February 6, 1989 when the Department did not file an appeal to this Court.

At the time the Regulations came into effect, Bichler was not operating his landfill due to Permit Conditions 1 and 4 which were pending on appeal before the Board. On January 6, 1989, the Board issued its order granting partial summary judgment to Bichler and struck Permit Conditions 1 and 4 from the Department's permit amendment dated September 2, 1986. Consequently, Bichler was required by the Department, through its May 31, 1985 permit amendment, to satisfy other permit amendment conditions before the Department would authorize Bichler to continue operations.

After Bichler satisfied the remaining required permit conditions in June 1989, he filed his preliminary permit application for permit modification with the Department on September 19, 1989. The Department, on December 4, 1989, rejected Bichler's preliminary application for permit modification as untimely filed. Bichler appealed to the Board and the Department filed a motion for summary judgment based upon Bichler's failure to comply with Section 271.111 of the Regulations (failure to file preliminary application for permit modification by October 11, 1988). Bichler filed a cross-motion for summary judgment. On December 10, 1990, the Board granted the Department's motion for summary judgment and the matter is now before this Court. The issue is whether the Board erred in granting the Department's motion for summary judgment on the premise that Bichler possessed a construction/demolition permit prior to April 8, 1988 and therefore was required to file a preliminary application for permit modification pursuant to Section 271.111 of the Regulations by October 11, 1988.[3]

2. *See Bichler v. Department of Environmental Resources,* 89 EHB 1, Hearing No. 86–552–W, issued January 6, 1989.

3. This Court's scope of review from a determination of an appeal from the Environmental Hearing Board is limited to whether constitutional

Bichler's basic argument is that he did not possess a permit on April 9, 1988—the date the new Regulations became effective—and therefore was not required to comply with that section of the Regulations requiring a preliminary application for permit modification by October 11, 1988.

Since September 19, 1986, Bichler had pending before the Board an appeal challenging Permit Conditions 1 and 4 to Bichler's permit amendment issued by the Department in an order dated September 2, 1986. *See Bichler v. Department of Environmental Resources,* 1989 EHB 1 Hearing No. 86-552-W, issued January 6, 1989. A brief discussion of the facts surrounding that appeal are necessary for an understanding of the instant action. After commencement of landfill operations by Bichler, the Department blocked entrance to the landfill via the permitted access route. Subsequently, Bichler filed for a permit amendment to utilize as its access road certain public roads in the borough of Taylor. The Department granted the permit amendment provided certain conditions were met, including municipal approval of the certification by Bichler's engineer regarding the access roads—Permit Conditions 1 and 4. On October 29, 1987, Bichler filed a motion for summary judgment as to Permit Conditions 1 and 4. The Board granted Bichler's motion on January 6, 1989 holding that "the Department has unlawfully abdictated [sic] its permit issuance authority to Taylor in the case of [Permit] [C]onditions 1 and 4". *Bichler v. Department of Environmental Resources,* 1989 EHB 1, p. 6. No appeal was taken from this decision. Thus, Bichler asserts, in the matter sub judice, that as a result of the Department's requirement that local municipal approval be given as a condition subsequent for the operation of Bichler's landfill, the Department effectively denied an operation permit to Bichler and, thus, Bichler did not

rights were violated, whether an error of law was committed or whether necessary findings of fact were supported by substantial evidence. *T.C. Inman, Inc. v. Department of Environmental Resources,* 124 Pa.Commonwealth Ct. 332, 556 A.2d 25 (1989).

actually possess a permit on April 9, 1988—the effective date of the Regulations.

In summary, Bichler argues that if it were not for the Department's unlawful Permit Conditions 1 and 4, which Bichler asserts were tantamount to a permit denial, and the Board's protracted delay in rendering an adjudication on Bichler's appeal before the Board for a period in excess of two years (from September 29, 1986 to January 6, 1989), Bichler would have possessed a permit as of April 9, 1988 and would have been entitled to submit a preliminary application under the new Regulations.

Bichler asserts that the case of *FR & S, Inc. v. Department of Environmental Resources*, 132 Pa.Commonwealth Ct. 422, 573 A.2d 241 (1990) (*FR & S III*) is applicable to the instant action. *FR & S III* was actually the third in a trilogy of cases decided by this Court. In *FR & S, Inc. v. Department of Environmental Resources*, 104 Pa.Commonwealth Ct. 647, 522 A.2d 1190 (1987), (*FR & S I*), this Court gave initial procedural approval to the use of mandamus to FR & S to compel the Board to issue a decision which had not been forthcoming for two and one-half years. In June 1987, the Board issued a decision sustaining the Department's denial of FR & S's permit application and ordered FR & S's landfill closed.

FR & S appealed the June 1987 decision of the Board to this Court in *FR & S, Inc. v. Department of Environmental Resources*, 113 Pa.Commonwealth Ct. 576, 537 A.2d 957 (1988), *aff'd*, 522 Pa. 114, 560 A.2d 128 (1989) (*FR & S II*) in which this Court vacated the Board's June 1987 decision due to bias and denial of due process and remanded the case to the Board for a new decision on the existing record. On July 14, 1989, the Board issued a decision sustaining the action of the Department in denying FR & S's application for a municipal waste permit to operate a landfill under the Act which resulted in an appeal of the Board's decision to this Court in *FR & S III*. In *FR & S III*, this Court again reversed the Board's decision denying FR & S a permit to operate its landfill.

Consequently, on May 21, 1990 the Department, in order to comply with this Court's order in *FR & S III*, issued FR & S a permit and immediately suspended the same on the basis that FR & S did not comply with the new regulations effective April 9, 1988. This Court ordered the Department to reinstate the permit issued to FR & S and vacated the Department's suspension order of May 21, 1990. Bichler asserts that the factual and legal similarities between the instant action and the *FR & S* trilogy are readily apparent except for the fact that FR & S was a licensed municipal waste landfill whereas Bichler's landfill was a construction/demolition landfill. The Department attempts to distinguish the *FR & S* trilogy from the instant action.

The Department argues that in the *FR & S* trilogy, FR & S filed a permit application for a landfill in 1978 and the Department denied that application in 1983. FR & S appealed and the matter was litigated before the Board and appellate courts from 1983 through July 1989 when the Board upheld the Department's denial of the permit. Therefore, the Department argues that on the effective date of the new Regulations on April 9, 1988, FR & S had no permit. However, in the instant action, the Department argues that Bichler did have a permit on April 9, 1988 because the Department never withheld or denied the permit and that as a permitted landfill on April 9, 1988, Bichler had an obligation to file a preliminary application for permit modification or closure plan by October 11, 1988 under Section 271.111 of the Regulations but did not.

Furthermore, the Department asserts that the fact that Bichler was not in operation on April 9, 1988 was not as a result of Board or Departmental action or a pending appeal, but rather, Bichler had not been in operation since 1983 because of a voluntary decision on his part. Bichler did, indeed, possess a valid permit on April 9, 1988 even though he had not been in operation since 1983.

The Department further argues that the pending litigation between Bichler and the borough of Taylor did not negate Bichler's filing obligation under the Regulations. In

support, the Department asserts that *Inman* parallels the facts of the instant action. In *Inman,* the landfill operator attempted to secure a solid waste permit in 1970. Because of incomplete applications, the permit was continually denied. Finally, in 1985 the Board sustained the Department's denial of an application for a solid waste permit when the landfill operator failed to submit a complete permit application.

■ In the instant action, the Department asserts that Bichler admits that he had a permit for a construction/demolition waste landfill and that that permit was still in effect on April 9, 1988, the effective date of the new Regulations. Consequently, the Department argues that Bichler failed to timely file a preliminary application. However, with regard to filing a preliminary application for permit modification while litigation affecting that permit is pending, the law is silent. Because of pending litigation, Bichler did not and could not know what modification to his permit would be necessary. Under Section 271.111(b) of the Regulations, a permit holder must explain the modifications to an existing permit. Bichler challenged Permit Conditions 1 and 4 and won. Prior to the expiration of the appeal period and the resolution of any appeal from the Board's decision, it would be difficult for Bichler to know to what extent modification of his permit would be necessary. Futile and unproductive second-guessing will not be tolerated by this Court. Due to the unique circumstances in this case, we believe it equitable to extend the filing deadline. Consequently, the Board's order dated December 10, 1990 granting the Department's motion for summary judgment is reversed, and the matter remanded for proceedings consistent with this opinion.

## ORDER

AND NOW, this 5th day of December, 1991, the order of the Environmental Hearing Board in the above-captioned

matter is reversed and the matter is remanded for reasons consistent with the foregoing opinion.

Jurisdiction relinquished.