Anthony J. Carino and Dolores Carino, his wife et al., Appellants *v.* The Board of Commissioners of the County of Armstrong et al., Appellees.

·Argued October 4, 1983, before President Judge CRUMLISH, JR. and Judges CRAIG, MACPHAIL, DOYLE and BARRY.

*James G. Callas, Callas and Graff,* for appellants.

*Edward J. Steiner, Steiner and Steiner,* for appellees.

OPINION BY JUDGE MACPHAIL, December 29, 1983:

Appellants[1] have brought this appeal from an order of the Court of Common Pleas of Armstrong County which dismissed a mandamus action filed by Appellants who sought to compel the County Board of Assessment Appeals[2] (Board) to conduct a county-wide reassessment of real property. We affirm.

Appellants, who are taxpayers and property owners in Armstrong County, filed the instant mandamus action[3] on March 13, 1981, alleging therein that the Board has failed to conduct a county-wide revision of

---

[1] Anthony J. and Dolores Carino, James J. and Jean M. Callas, W. K. Davis, R. J. Nolte and George B. and Ruth S. Stubbs.

[2] The action was actually filed against the Board of Commissioners of Armstrong County which also serves as the Board of Assessment Appeals pursuant to Section 301 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.301.

[3] The pleading filed by Appellants in the common pleas court is captioned as a "Petition for Writ of Mandamus". The court reached its decision without an evidentiary hearing, noting that Appellants should have filed a complaint in accord with Pa. R.C.P. No. 1093 if they desired a trial. No procedural issues have been raised in this appeal. The common pleas court noted in its decision that had the Appellants proceeded in accord with Pa. R.C.P. No. 1093 the same result would have been reached.

real property assessments since 1956. Specifically, Appellants contend that the Board is required to complete a county-wide revised assessment on an annual basis pursuant to The Fourth to Eighth Class County Assessment Law (Law).[4] The Board argues, and the common pleas court found, that the Law does not impose a mandatory duty on the Board to conduct such annual county-wide reassessments.

Our scope of review is limited to a determination of whether the common pleas court abused its discretion or committed an error of law when it denied mandamus relief. *Rizzo v. Schmanek*, 63 Pa. Commonwealth Ct. 547, 439 A.2d 1296 (1981). Mandamus, of course, is an extraordinary writ "which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate remedy". *Wyoming Sand and Stone Co. v. Department of Revenue*, 24 Pa. Commonwealth Ct. 366, 369, 355 A.2d 860, 862 (1976), *aff'd*, 477 Pa. 488, 384 A.2d 1193 (1978). One who sues in mandamus must demonstrate an immediate and complete legal right to the demanded action. Moreover, mandamus should never be invoked in a doubtful case. *Board of Supervisors of North Coventry Township v. Silver Fox Corp.*, 10 Pa. Commonwealth Ct. 646, 312 A.2d 833 (1973). Finally, mandamus will not lie to compel the performance of discretionary acts except where the failure to exercise discretion is arbitrary, fraudulent or based on an erroneous view of the Law. *South Whitehall Township v. Department of Transportation*, 11 Pa. Commonwealth Ct. 558, 316 A.2d 104 (1974).

Appellants admit that they can find no case law which would compel the Board to perform the precise

---

[4] Armstrong County is a County of the 6th Class.

duty at issue here, to wit, annual, county-wide, parcel-by-parcel assessments. Our independent research affirms that conclusion. Neither are Appellants able to point to any statutory law which categorically states that the Board must perform such annual county-wide, parcel-by-parcel assessments.

The issue presented by this appeal then is primarily one of statutory construction. Appellants argue that the Law requires annual county-wide reassessments, while the Board contends that only revised or updated assessment rolls need be made on an annual basis and that county-wide reassessments are discretionary. Based on our interpretation of the Law, we conclude that county-wide, parcel-by-parcel assessment revisions need not be conducted on an annual basis.

The object of statutory interpretation, of course, is to ascertain and effectuate the legislative intent and to give effect, if possible, to all of the provisions of a statute. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a). We think a reading of the Law as a whole demonstrates county-wide revisions of the assessment need not be conducted on an annual basis.

Our analysis begins with Section 602(a) of the Law, 72 P.S. §5453.602(a) which provides for the initial valuation and assessment of real property on a parcel-by-parcel basis. Section 601.1, 72 P.S. §5453.602 a, provides for periodic changes in the valuation of *individual* parcels under the following circumstances: 1) when improvements are made to or removed from a property; 2) when land is divided and conveyed in smaller parcels or 3) when the economy depreciates or appreciates to such an extent that real estate values, in general, are affected. If, as here, a "base year" valuation system is used, changes are expressed in terms of such "base year" values. A "base year" is

defined as "the year upon which real property market values are based for *the most recent* county-wide revision of assessment of real property. . . ." Section 102 of the Law, 72 P.S. §5453.102 (emphasis added).[5] Such value corrections may be made to an individual parcel of land for a particular year without requiring that all properties in the county be reasesssed that year. *Callas v. Armstrong County Board of Assessment,* 70 Pa. Commonwealth Ct. 272, 453 A.2d 25 (1982).

Next, Section 602(b) of the Law, provides that in *the first year* following the initial county assessment or county-wide assessment revision, each political subdivision "shall, *for that first year,* reduce its tax rate, if necessary, for the purpose of having the total amount of taxes levied for that year equal . . . not more than one hundred and five per centum of the total amount it levied on such properties the preceding year, notwithstanding the increased valuations of such properties *under the new assessment system."* (Emphasis added.) We consider it clear that if such adjustments are required to be instituted in *the first year* following a county-wide revision, the county-wide revision must be intended to apply for longer than a one year period. We believe such revisions were not contemplated by the legislature as an annual event.

We also observe that different notice and appeal provisions are applicable depending on whether a "normal" assessment year is involved, as opposed to a year in which a parcel-by-parcel revision of assessments has been accomplished. In years when county-wide revisions are not made, the Board need only send notices, under Section 701(a) of the Law, 72 P.S. §5453.701(a), to property owners whose actual property value has been changed from the preceding as-

---

[5] The Board alleged at oral argument that it uses 1956 as its base year.

sessment roll, whose property value had not been separately fixed in the preceding assessment roll or when the predetermined assessment ratio has been changed. In any year in which a county-wide revision of assessments is proposed, however, *"All* property owners shall be notified . . . of the value of the new assessment and the value of their old assessment." Section 701(c) of the Law, 72 P.S. §5453.701(c) (emphasis added). Moreover, appeals during "normal" assessment years may be filed within forty days of notification of a change in the assessment while only a thirty day appeal period is permitted in years involving county-wide revisions. *See* Section 701 of the Law. We think these differences in notification and appeals procedures further demonstrate that a county-wide revision was not contemplated by the legislature as an annual requirement.

The Law does require, however, that an annual assessment roll be prepared, on or before the first day of July, by the chief assessor. Section 601 of the Law, 72 P.S. §5453.601. This requirement does not, as Appellants argue, mean that *each parcel* of land in the county must be revalued and reassessed annually. The assessment roll, instead, represents a current, updated roster of properties subject to local taxation together with their actual values.

The Law, on the other hand, as we have noted, does not specify a time period within which parcel-by-parcel, county-wide assessment revisions must be accomplished. Appellants support their argument that county-wide revised assessments are required annually by the provision in Section 602(b) of the Law that, "No political subdivision shall levy real estate taxes on a county-wide revised assessment until it has been completed for the entire county." We construe this provision to mean that real estate taxes may not be levied using a partially completed county-wide revi-

sion. We do not think the provision requires that such revisions be completed annually or even within a single tax year. Appellants also point to our Supreme Court's statement in *McKinney v. Board of Commissioners of Allegheny County*, 488 Pa. 86, 92, 410 A.2d 1238, 1241 (1980), that, "all counties, except Allegheny County, in effect, assess property county-wide on an annual basis". We do not view this statement to be contrary to our holding here since, as we have noted, an updated assessment roll is prepared annually on a county-wide basis, even though the valuation and assessment of each parcel need not be revised every year.

We must, accordingly, conclude that Appellants have failed to demonstrate that the Board has a mandatory duty to perform county-wide revisions within any particular time frame. It is within the Board's discretion to decide when to perform a county-wide revision. We note that Appellants have not argued that the Board has fraudulently or arbitrarily exercised or failed to exercise its discretion.[6]

Even if a mandatory duty could be found to exist, we question whether Appellants would have a clear and immediate right to demand performance by the Board. Section 306(c) of the Law, 72 P.S. §5453.306 (c), provides that, "*any municipal corporation or school district* within a county is hereby authorized to mandamus the board of assessment and revision of taxes . . . to comply with the provisions of this act and its amendments. . . ." (Emphasis added.) While this provision would not necessarily preclude a right in Appellants to mandamus the Board, we also note the

---

[6] In its answer, the Board alleged that it has taken preliminary steps, including a new mapping system and consultation with mass appraisal firms, aimed at arranging for a revised assessment for the entire county. No specific commencement date for the revision has been alleged by the Board.

rule that a private litigant may institute a mandamus action to enforce a public duty only "when that plaintiff has an individual and beneficial interest in the litigation independent of that which is held by the public at large". *Dombrowski v. Philadelphia*, 431 Pa. 199, 204, 245 A.2d 238, 241 (1968). Since mandamus should never be invoked in a doubtful case we cannot conclude that Appellants would have an immediate and clear right to demand Board action in the instant case.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Armstrong County, dated December 17, 1981, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE BARRY:

I construe *McKinney,* cited in the majority opinion, to mean that there must be an annual assessment of real estate in every county except Allegheny County and that this requirement extends to each parcel of land. The majority reaches a different conclusion. *McKinney* apparently decides the central question posed but left undecided in *Borough of Greentree v. Board of Property Assessment, Appeals and Review,* 459 Pa. 268, 328 A.2d 819 (1974) and upholds the constitutionality of a triennial assessment system in Allegheny County. In Armstrong County, however, there has not been an assessment of the entire county since 1956. There can be no uniformity of assessment under these circumstances. If there was doubt about reassessing every three years in Allegheny County, there can be no doubt that a lapse of twenty-seven years in assessing a county is improper. I sympathize with the Board of Commissioners who would be re-required to spend a substantial sum to accomplish the reassessment and still not be assured that admitted

inequities will be corrected. I must conclude, however, that Article VIII, Section 1 of the Pennsylvania Constitution imposes a duty on the Board to accomplish a reassessment. The trial court not only refused to grant a preemptory judgment but refused to hold an evidentiary hearing to determine a fair and just result, believing this would be improper under the Rules of Civil Procedure and the County Assessment Law. I would remand to hold an evidentiary hearing so that the record would more fully indicate the complete status of the assessment picture in Armstrong County.