**Robert S. SYMS, Appellant,**

v.

**LOWER SOUTHAMPTON TOWNSHIP and Lower Southampton Township Board of Supervisors.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1997.

Decided Nov. 21, 1997.

James P. McEvilly, Jr., Feasterville, for appellant.

Robert R. Fleck and Catherine Anne Porter, Langhorne, for appellees.

Before McGINLEY, and SMITH, JJ., and MIRARCHI, Jr., Senior Judge.

McGINLEY, Judge.

Robert S. Syms (Syms) appeals from an order of the Court of Common Pleas of Bucks County (common pleas court) which granted the preliminary objections of Lower Southampton Township (Township) and the Lower Southampton Board of Supervisors (Board) and dismissed Syms' second amended complaint against the Township and the Board.

Syms is the elected tax collector of the Township with a term ending December 31, 1997. On February 26, 1996, a group of Township residents filed a complaint to remove Syms from office. The complaint alleged that Syms failed to forward tax payments to both the Township and the local school district in a timely manner, failed to keep posted office hours and prevented taxpayers from meeting payment deadlines, and generally failed to perform his official duties. The complaint also alleged that Syms failed to pay rent for office space leased by the Township to him for his official use.

On March 22, 1996, counsel for Syms notified the Township Solicitor of the recall complaint and requested the Township defend Syms at its expense. On March 28, 1996, the Township Solicitor notified Syms' counsel that the Board refused to authorize any representation of Syms because the Township only provided representation if the lawsuit involved an alleged injury to person or property. Syms also asserts that the Township Solicitor had a conflict of interest because he was auditing Syms.

On September 9, 1996, Syms filed a complaint in mandamus against the Township and the Board. The Township and the Board filed preliminary objections on September 27, 1996. Syms filed an amended complaint on October 16, 1996. The Township and the Board filed preliminary objections to the amended complaint on November 1, 1996.

Syms filed a second amended complaint on November 20, 1996. In Count I of the second amended complaint, Syms sought to compel the Township and the Board to provide Syms with legal representation at Township expense in the removal action. Syms also requested attorney fees, costs and expenses in connection with the mandamus action. In Count II of the complaint in mandamus, Syms sought to compel the Township and the Board to compensate him for his work as tax collector. The Township and the Board filed preliminary objections to the second amended complaint on December 4, 1996. The preliminary objections alleged that Syms failed to set forth a cause of action because the Township had no duty to represent him, that Syms failed to establish any lack of an adequate remedy at law, that Syms failed to provide the Township with timely notice of the recall action, and that Syms' requested damages against the solicitor who was not a named party. On January 16, 1997, the common pleas court granted the preliminary objections and dismissed Syms' complaint. Syms initially appealed to the Pennsylvania Superior Court on January 24, 1997.[1] Superior Court transferred the case here on March 18, 1997.

■ On appeal[2] Syms contends that he is entitled to legal representation at public

---

1. On April 4, 1997, Syms filed a petition for extraordinary relief to our Pennsylvania Supreme Court which denied the petition on June 12, 1997.

2. On review this Court must determine whether, on the facts alleged, it is certain that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). The Court must accept as true all well pleaded allega-

expense in connection with the complaint for removal and the mandamus action and that the mandamus action is the appropriate course to pursue his claim for legal representation at the expense of the Township and the Board is subject to a mandamus action.[3]

Syms asserts that the Township has a clear duty to provide representation and points to the decision of our Pennsylvania Supreme Court in *Silver v. Downs*, 493 Pa. 50, 425 A.2d 359 (1981). In *Silver* a recall complaint was brought against two township supervisors, Paul Silver and Donald W. Parker (Supervisors) in Buckingham Township, Bucks County involving their handling of township accounts. David A. Downs (Downs), another township supervisor and the lead plaintiff in the recall action, sought to prevent the township solicitor from representing the Supervisors because of an alleged conflict of interest insofar as the solicitor had a prior attorney-client relationship with Downs in his capacity as a supervisor. Our Pennsylvania Supreme Court determined that the supervisors were entitled to representation by the township solicitor. Section 582 of the Second Class Township Code[4] requires the township solicitor to defend all actions or suits against the township or an officer thereof where any of the estates, rights, privileges, trusts, ordinances, or accounts, of the township may be brought into question before any court in the Commonwealth. *Silver*, 493 Pa. at 57–58, 425 A.2d at 363. Our Pennsylvania Supreme Court stated that few public servants would be willing to risk their personal resources to defend their official actions. Therefore, the Court reasoned, political opponents of an official could force him to leave office simply by filing suit against him. *Id.*, 493 Pa. at 56, 425 A.2d at 362–363.

█ We believe Syms correctly equates his situation to the Supervisors in *Silver*. He is a township officer who is the subject of a recall action. He handles accounts which

will become the property of the Township. The Township and the Board contend that the taxes collected by Syms are not the property of the Township until Syms forwards the taxes collected to the Township. However, the taxpayers pay taxes to the Township through Syms. As in *Silver*, there are no allegations that Syms engaged in any criminal activity.

█ On appeal Syms did not directly address whether his attempt to have the Township provide legal representation is properly the subject of a mandamus action. Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate remedy. *Carino v. Board of Commissioners of Armstrong County*, 79 Pa.Cmwlth. 242, 468 A.2d 1201 (1983). Applying the rationale in *Silver*, Syms has a clear legal right as a township officer to compel the Township and Board to represent him. Also, as in *Silver*, the Township and the Board have a clear duty to represent Syms. The Township and the Board contend that Syms may bring an action against the plaintiffs in the recall suit under Section 8351 of the Judicial Code (the Code), 42 Pa.C.S. § 8351, entitled "Wrongful Use of Civil Proceedings." If Syms prevails in the recall action, he could recover his attorney fees in an action brought under the Code if the plaintiffs in the recall action were found to act in a grossly negligent manner or without probable cause. However, such an action brought under the Act is contingent on Syms' prevailing in the recall action and will not in the interval pay for Syms' legal representation.

█ The Township and the Board also contend that there is a lack of personal jurisdiction because Syms did not comply with Section 5522 of the Act, 42 Pa.C.S. § 5522, which requires that a party seeking to sue a

---

tions and material facts averred in the complaint, as well as any reasonable inferences deducible therefrom, and any doubt should be resolved in favor of overruling the preliminary objections. *Id.*

3. Syms does not address the dismissal of Count II of his second amended complaint, so that issue is not before this Court.

4. Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65582.

government unit must do so within six months of the date of the injury. The Township and Board state that they did not receive notice from Syms until September 10, 1996, more than six months after February 26, 1996, the date the recall action against Syms was filed. However, Syms did not know that the Township would not represent him until the Township Solicitor informed him by letter dated March 28, 1996. Syms provided the required notification within six months of this notice. Under the facts alleged, recovery by Syms is possible. Accordingly, the order of the common pleas court granting the Township's and the Board's preliminary objections and dismissing Syms' second amended complaint is reversed with respect to Count I of Syms' second amended complaint and remanded to the common pleas court to direct the Township and the Board to file an answer to Count I of Syms' second amended complaint.

*ORDER*

AND NOW, this 21st day of November, 1997, the order of the Court of Common Pleas of Bucks County at No. 96–006641 and dated January 16, 1997, is reversed as to Count I of Appellant Robert S. Syms' Second Amended Complaint and this case is remanded to the Court of Common Pleas of Bucks County to direct Lower Southampton Township and the Lower Southampton Board of Supervisors to file an answer to Count I of Robert S. Syms' Second Amended Complaint. Jurisdiction relinquished.