BOROUGH OF TRUMBAUERSVILLE

v.

Mayor Edward THOMAS.

Edward Thomas

v.

Borough of Trumbauersville and
Mayor R. Wayne Moyer and
the Borough Counsel.

Mayor Edward Thomas, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1999.

Decided Nov. 5, 1999.

Karen M. Quinn, Newtown, for appellant.

Gregory S. Ghen, Pennsburg, for appellee.

Before McGINLEY, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

McGINLEY, Judge.

Edward Thomas (Thomas) appeals from the order of the Court of Common Pleas of Bucks County (common pleas court) which granted the Borough of Trumbauersville's (Borough) partial motion for summary judgment and authorized Thomas to employ outside counsel at the Borough's expense, not to exceed $2,500 in any twelve month period pursuant to Section 1117 of the Borough Code (Code).[1]

---

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46117. Section 1117 of the Code provides:

(a) The borough solicitor, when directed or requested so to do by council or the mayor, shall prepare or approve such bonds, obligations, contracts, leases, conveyances, ordinances and assurances to which the borough or any department thereof may be a party; he shall commence and prosecute all actions brought by the borough for or on account of any of the estates, rights, trusts, privileges, claims, or demands, as well as defend all actions or suits against the borough, or any officer thereof, wherein or whereby any of the estates, rights, privileges, trusts, ordinances, or accounts, of the borough, or any department thereof, may be brought in question before any court in the Commonwealth; and shall do every professional act incident to the office which he may be authorized or required to do by the council or the mayor. He shall, whenever required, furnish the council, or committees thereof, the mayor or the head of department, with his opinion in writing upon any question of law which may be submitted by any of them in their official capacities.

(b) In the case of a legal dispute between the mayor and council, or in any other case where representation of the mayor and council by the borough solicitor would create a conflict of interest for the borough solicitor, the mayor is authorized to employ outside counsel at borough expense, not to exceed two thousand five hundred dollars ($2,500) in any twelve-month period, to perform necessary legal services.

In the fall of 1997, Thomas was completing his third term as Borough mayor and was the nominee for mayor in the 1997 election of both the Democratic and Republican parties. On October 30, 1997, the Borough commenced an action in equity (Equity action) against Thomas in the common pleas court. The complaint alleged numerous acts of misconduct by Thomas and included three affidavits from Borough officers and employees alleging specific acts of misconduct by Thomas in his official capacity. The Borough requested an order compelling Thomas to cease any and all harassment of Borough officials and/or employees, cease any and all activity in violation of the Code, including but not limited to, the hiring of individuals to perform services for the Borough and/or incurring unauthorized expenditures for the Borough, pay the Borough's attorney fees and costs and cease any and all interference with Borough employees and with their performance of official duties. Thomas was served with the complaint on November 18, 1997.

On November 4, 1997, write-in candidate, R. Wayne Moyer (Moyer) defeated Thomas in the mayoral election. On December 12, 1997, Thomas's counsel demanded that the Borough pay for Thomas's legal representation in the Equity action. After apparently not receiving a response, Thomas's legal counsel made a similar demand on January 27, 1998, of Moyer. On February 4, 1998, the Borough Solicitor advised Thomas's counsel that the Borough would not provide him with legal representation or pay for his representation. Thomas then filed a complaint in mandamus in the common

pleas court, *Thomas v. Borough of Trumbauersville, Mayor R. Wayne Moyer and the Borough Counsel,* No. 98–001295 (Mandamus action) seeking to compel the Borough to provide him with legal representation.

The common pleas court dismissed preliminary objections in both the Equity action and the Mandamus action and consolidated the two cases. Following the taking of depositions, the Borough moved for summary judgment on January 11, 1999. The Borough requested that the common pleas court enter a judgment that limited the Borough's maximum liability for Thomas's counsel to $2,500 in any twelve-month period of litigation pursuant to Section 1117(b) of the Code.

The common pleas court granted the Borough's partial motion for summary judgment and authorized Thomas to employ outside counsel at the Borough's expense, not to exceed $2,500 in any twelve-month period.[2]

On appeal, Thomas contends that the common pleas court's interpretation of Section 1117(b) of the Code limiting the Borough's obligation to provide legal representation in the amount of $2,500 in a twelve month period is in contravention of the principles of statutory construction and that he as mayor of a borough is entitled to the same protections as the officials in *Silver v. Downs,* 493 Pa. 50, 425 A.2d 359 (1981) and *Syms v. Lower Southampton Township,* 702 A.2d 885 (Pa.Cmwlth.1997) received when sued in his official capacity.[3]

The common pleas court determined that the express language of Section

---

**2.** The common pleas court issued this order on March 22, 1999. The Borough praeciped to terminate the Equity action for mootness on March 24, 1999. On April 5, 1999, Thomas appealed the only remaining issue, Borough payment of his outside counsel fees, which was the subject of the partial motion for summary judgment.

**3.** Our review of a common pleas court's grant of summary judgment is limited to determining whether the common pleas court made an

error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment should only be granted in a clear case and the moving party bears the burden of demonstrating that no issue of material fact remains. *Id.* The record must be reviewed in the light most favorable to the non-moving party.

1117(b) of the Code limited the Borough's obligation to pay for outside counsel for Thomas to $2,500 per twelve-month period. The common pleas court reasoned:

> We begin our analysis of this statute cognizant that 'courts must first determine whether the issue may be resolved by reference to the express language of the statute which is to be read according to the plain meaning of the words.' *Commonwealth v. Lopez*, [444 Pa.Super. 206] 663 A.2d 746, 748 (Pa.Super.1995). Such 'words and phrases shall be construed according to rules of grammar and according to their common and approved usage....' 1 Pa.C.S.A. § 1903. Additionally, a court must effectuate the intent of the legislature by giving full effect to each provision of the statute at issue. *Lopez*, 663 A.2d at 748.

> It is indisputable that § 46117(a) directs the borough solicitor to defend all suits against officials of the borough. However, § 46117(b) is a separate and distinct provision that qualifies § 46117(a) by addressing, exclusively, those situations when the borough solicitor cannot represent the mayor or council because such representation would create a conflict of interest for the solicitor. If such a conflict should arise, the official can retain outside counsel at the borough's expense. However, the legislature has set a $2500 statutory limit on the obligation.

> In this case, the borough solicitor cannot represent appellant since he is being sued in his official capacity by an adjunct government entity. Accordingly, appellant retained outside counsel. Under the plain meaning of § 46117(b), the borough is now obligated to pay only $2500 in legal fees in any twelve-month period.

Common Pleas Court Opinion, April 14, 1999, (Opinion) at 3–4; Reproduced Record (R.R.) at 156a–157a. We agree.

The common pleas court also distinguished *Silver* and *Syms* from the present case. In *Silver*, a recall petition was brought against two township supervisors in relation to mishandling township accounts. A township supervisor who was the lead plaintiff in the recall action sought to prevent the township solicitor from providing a defense for the two supervisors subject to the recall election. *Silver*, 493 Pa. at 52–54, 425 A.2d at 360–361. Our Pennsylvania Supreme Court held that Section 582 of the Second Class Township Code[4] requires the solicitor to defend the township or an officer thereof. In cases of conflict, the Supreme Court stated that the official must be free to choose substitute counsel without fear of personal liability for legal fees. *Silver*, 493 Pa. at 57–58, 425 A.2d at 363.

In *Syms*, this Court held that a tax collector who was sued in a recall action in which it was alleged that the tax collector failed to perform certain duties of his office was entitled to be provided with representation at the township's expense under *Silver*. *Syms*, 702 A.2d at 887.

The common pleas court held:

> We do not dispute the language of the statute at issue in *Silver* is similar, if not identical, to the language of § 46117(a). However, notably, the Township Code contains no language addressing legal representation that will cause a conflict of interest for the township solicitor. In our case, the legislature enacted an additional provision, § 46117(b) to specifically govern this scenario.

Opinion at 5; R.R. at 158a. We agree.[5]

Accordingly, we affirm.

---

**4.** Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65582. This section was reenacted and amended, November 9, 1995, P.L. 350, 53 P.S. § 66103.

**5.** On March 24, 1999, the Borough filed a praecipe to terminate for mootness. The Bor-

ough now contends that it should not have to pay for any of Thomas's representation after that date. The Borough did not previously raise this issue. The general rule is that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. No. 302(a). *See Dilli-*

### ORDER

AND NOW, this 5th day of November, 1999, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

---

*plaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). Because the Borough did not preserve this issue, it was waived.