IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ari Merretazon and     :
James Abram,       :
    Appellants    :
           :
   v.       :
          :  No. 354 C.D. 2018
City Council of Philadelphia   :  Argued: March 12, 2019

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: April 3, 2019

    Ari Merretazon (Merretazon) and James Abram (Abram) appeal the February 14, 2018 order of the Court of Common Pleas of Philadelphia County (trial court) granting the City Council of Philadelphia's (Council) motion for summary judgment. On appeal, we are asked to determine whether the trial court erred in granting summary judgment in favor of Council because Merretazon and Abram, as non-residents of Philadelphia County, have no distinct special interest beyond that of the general public in Section 11 of the Act of June 11, 1935, P.L. 326 (Act), *as amended*, 16 P.S. § 8072 (Section 11),[1] which concerns the appointment of a director of veterans' affairs in Philadelphia County. For the reasons that follow, we reverse the trial court's order and remand the matter for further proceedings.

_____
[1] Added by Section 1 of the Act of June 21, 1947, P.L. 898.

On August 30, 2016, Merretazon and Abram, both combat veterans of the Vietnam War, advocates for a veterans' organization called Pointman Soldiers Heart Ministry, and residents of Cheltenham Township, Montgomery County, and Yeadon Borough, Delaware County, respectively, together filed the instant Civil Action In Mandamus (Complaint) seeking to compel Council to appoint a director of veterans' affairs for Philadelphia County pursuant to Section 11, which requires that the county commissioners of first class counties in Pennsylvania[2] appoint a director of veterans' affairs.[3] Merretazon and Abram alleged that Merretazon had applied for the position of director of veterans' affairs and was not hired. Complaint at 3, ¶18. Council filed an answer to the complaint and new matter on December 7, 2016.[4] Merretazon and Abram filed a response the following day. Discovery closed

---

[2] Philadelphia County is currently the Commonwealth's only first class county. *See* http://www.pacourts.us/news-and-statistics/research-and-statistics/dashboard-table-of-contents/resources/WebHelp/General_Information/County_Class.htm (last visited Apr. 1, 2019).

[3] The Complaint further alleged damages for lost wages arising from Council's failure to hire Merretazon as said director of veterans' affairs when he applied for the position in November 2013. Merretazon and Abram abandoned this claim for damages and lost wages in response to Council's December 29, 2017 motion for summary judgment discussed *infra*, and therefore, we need not address it.

[4] As the trial court noted:

> [Council] raised several affirmative defenses, including asserting that: 1) [Merretazon and Abram] failed to state a claim upon which relief could be granted; 2) [Merretazon's and Abram's] claims were time-barred by the statute of limitations; 3) 16 P.S. § 8072 did not create a cognizable private cause of action; and[] 4) subsequent amendments to the Pennsylvania Constitution superseded § 8072 and rendered it without legal force. Although [Council] later asserted that [Merretazon and Abram] lacked standing to bring the instant suit in Philadelphia County, as neither is a resident, [Council] failed to raise this argument in preliminary objections to the Complaint or in its Answer, resulting in [Council's] waiver of the issue of [Merretazon's and Abram's] procedural capacity to bring

on June 5, 2017, and the matter was listed for a trial to begin on February 26, 2018. On December 29, 2017, Council filed Defendant Philadelphia City Council's Motion for Summary Judgment *Nunc Pro Tunc* (Motion for Summary Judgment).[5] Merretazon and Abram filed a brief in opposition on January 23, 2018. On February 14, 2018, the trial court granted summary judgment in Council's favor on all claims. The trial court found that, as non-residents of Philadelphia County, Merretazon and Abram could not claim substantive benefits under Sections 1-12 of the Act[6] and further lacked, for the purpose of bringing a mandamus action, an interest greater

---

> suit. *See In re Estate of Alexander*, 758 A.2d 182, 189 (Pa. Super. 2000) ("Challenges to a litigant's capacity to sue must be raised by way of preliminary objections or answer.").

Trial Court Opinion at 1, n.1.

> While [Merretazon and Abram] were correct that [Council] waived the issue of procedural standing, in the sense of [Merretazon's and Abram's] legal *capacity* to sue, [Merretazon and Abram] failed to appreciate that the issue of standing, in the sense of a plaintiff's clear legal *right*, independent and distinguishable from the interest of the general public, for the performance of a ministerial act or mandatory duty by defendant, is an essential element in a mandamus action which [Merretazon and Abram] bore a non-waivable burden of proof to establish.

Trial Court Opinion at 9-10, n.10 (emphasis in original).

[5] The trial court's case management order required pre-trial motions to be filed by July 3, 2017. Council then filed Defendant Philadelphia City Council's Motion for Summary Judgment *Nunc Pro Tunc* on November 8, 2017, but withdrew that motion by praecipe filed on November 14, 2017. On December 29, 2017, Council filed the instant Motion for Summary Judgment *Nunc Pro Tunc*, which was substantially similar to the preceding motion. *See* Motion for Summary Judgment. In reversing the grant of summary judgment, our disposition makes it unnecessary to address the trial court's allowance of the late filed motion for summary judgment.

[6] 16 P.S. §§ 8061 – 8073. Section 5.1 of the Act, 16 P.S. § 8066, was added by Section 2 of the Act of May 21, 1943, P.L. 294. Sections 9-10 and 12 of the Act, 16 P.S. §§ 8070-8071, 8073, were added by Section 1 of the Act of June 21, 1947, P.L. 898.

3

than that of the general public in the enforcement of Section 11. *See* Trial Court Opinion at 9-12. This timely appeal followed.

On appeal,[7] Merretazon and Abram claim the trial court erred in granting summary judgment on their mandamus claim based solely on the fact Merretazon and Abram were not residents of Philadelphia County, arguing that there are outstanding issues of material fact and that Council was not entitled to judgment as a matter of law. *See generally* Merretazon's and Abram's Brief. Merretazon and Abram claim that residence in Philadelphia County is not required for veterans or their families to receive benefits under the Act and that, as veterans, they have an interest sufficient to bring an action in mandamus to require Council's compliance with Section 11. *Id.*

"Mandamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or a mandatory duty." *Council of City of Phila. v. Street*, 856 A.2d 893, 896 (Pa. Cmwlth. 2004). As this Court has explained:

> In order to obtain a writ of mandamus, the [plaintiff] must demonstrate: (1) a clear legal right for the performance of the ministerial act or mandatory duty, (2) a corresponding duty in the [defendant] to perform the ministerial act or mandatory duty, and (3) the absence of any other appropriate or adequate remedy.

---

[7] This Court's scope of review of the granting of a motion for summary judgment is plenary; the standard of review is whether the trial court committed an error of law or abused its discretion. *Borough of Riegelsville v. Miller*, 639 A.2d 1258, 1261 (Pa. Cmwlth. 1994). Summary judgment is proper only where there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law. *Bailets v. Pa. Tpk. Comm'n*, 123 A.3d 300, 304 (Pa. 2015). In considering a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to whether a genuine issue exists are resolved against the moving party. *Id.*

4

*Id.* To establish a clear right to the performance of a ministerial act or duty for mandamus purposes, a private plaintiff must show that he or she has a special interest in the act or duty to be performed independent of the interest of the general public. *See Stodghill v. Pa. Dep't of Corr.*, 150 A.3d 547, 550–51 (Pa. Cmwlth. 2016), *aff'd*, 177 A.3d 182 (Pa. 2018) (quoting *Douros v. Newtown Twp.*, 530 A.2d 1002, 1003 (Pa. Cmwlth. 1987)); *see also Carino v. Bd. of Comm'rs of Armstrong Cty.*, 468 A.2d 1201, 1205 (Pa. Cmwlth. 1983) ("a private litigant may institute a mandamus action to enforce a public duty only when that plaintiff has an individual and beneficial interest in the litigation independent of that which is held by the public at large" (internal quotation marks omitted)). Without such an interest, a private plaintiff lacks standing to bring a mandamus action. *Id.*

Generally, a number of provisions of the Act concerning veterans are intended to benefit those veterans and widows who legally reside[8] within a given first class county, which here is Philadelphia County. *See* 16 P.S. §§ 8062-8071. Specifically, Section 2 of the Act ("Sum to be spent"), 16 P.S. § 8062, provides for a certain sum for funeral expenses and describes as beneficiaries "every deceased service person having a legal residence in any county of the first class in this

---

[8] The Act defines "legal residence" as follows:

> The term "legal residence" as used in this act shall be construed as synonymous with "domicile", and is hereby defined as actual residence, coupled with intention that it shall be permanent, or a residence presently fixed with no definite intention of changing it or of returning to a former residence at some future period. Legal residence is to be determined by abode of person, and his or her intention to abandon his or her former domicile and establish a new one. The legal residence of a deceased service person shall be prima facie in the county where he or she made his or her abode at the time of his or her death.

Section 1 of the Act, 16 P.S. § 8061.

Commonwealth at the time of his or her death" or deceased service persons buried within the county; Section 3 of the Act ("Burial of widows of deceased service persons"), 16 P.S. § 8063, provides funeral expense funds for "any widow of any male, deceased service person who, at the time of her death, had a legal residence in the county"; Section 5 of the Act ("Markers for graves; headstones"), 16 P.S. § 8065, provides benefits for grave markers and/or headstones to be placed on the graves of deceased service persons "who, at the time of his or her death, had his or her legal residence in the county," or who were buried in the county; Section 5.1 of the Act ("Proof of service, et cetera"), 16 P.S. § 8066, requires proof of service and proof of "legal residence within the county" of the deceased service person or widow;[9] Section 6 of the Act ("Care of graves and markers"), 16 P.S. § 8067, Section 7 of the Act ("Flags to decorate graves"), 16 P.S. § 8068, Section 8 of the Act ("Compilation of war records"), 16 P.S. § 8069, and Section 9 of the Act ("Information for war records"), 16 P.S. § 8070, concern the maintenance of graves located within the county and service information on those deceased service persons buried there; and Section 10 of the Act (Voluntary assistance by veterans' organizations), 16 P.S. § 8071, authorizes certain veterans' organizations to collect information on burial places within the county. 16 P.S. §§ 8062-8071.

Section 11 of the Act, 16 P.S. § 8072, specifically provides as follows:

**Directors of veterans' affairs**

For the purpose of carrying into effect the provisions of this act, the county commissioners shall appoint a director of veterans' affairs who shall receive such compensation

---

[9] To the extent Section 5.1 of the Act provides, in subsection (4), "Except in cases where persons not having legal residence within this Commonwealth are entitled to any of the benefits of this act," this refers to persons buried in Philadelphia County. *See* 16 P.S. § 8066(4).

6

as the salary board may fix. It shall be the duty of the director of veterans' affairs to:

(1) Assist the county commissioners in administering the provisions of this act relating to the burial of deceased service persons and their widows, and to furnishing markers and placing headstones on their graves.

(2) Assist war veterans and their families in securing their rights as such in matters relating to their person, property, and care of family under any of the laws of this Commonwealth and of the United States, and for such services the grave registrar shall be entitled to his expenses incurred therein and additional compensation, and both expenses and compensation shall be subject to the approval of the salary board or county commissioners, as the case may be.

(3) Carry into effect the provisions of this act relating to the compilation of war records.

(4) Perform all other duties heretofore performed by the veterans' grave registrar.

The veterans' grave registrar of each county in office on the effective date of this act, shall continue in the office of director of veterans' affairs, and as such be subject to the provisions of existing law.

16 P.S. § 8072. Effectively, Section 11 requires that the county commissioners of first class counties in Pennsylvania – Philadelphia County – appoint an individual to serve as "director of veterans' affairs" to provide various services to deceased veterans and their widows, including burial services and grave markers for deceased veterans and their widows, assisting veterans and their families in asserting rights and benefits under local, state, and federal law, compiling service records, and maintaining a registry of deceased veterans buried in the county. 16 P.S. § 8072.

7

Here, the Complaint concedes that neither Merretazon nor Abram are residents of Philadelphia County. *See* Complaint at 2, ¶¶ 1-2 & 4-5. However, as Section 11 lacks an express residency requirement, the residency requirement for the position of director of veterans' affairs falls under Section 3-306 of the Philadelphia Home Rule Charter, effective January 7, 1952, which provides as follows:

### § 3-306. Citizenship and Residence.

> All officers and employees of the City shall be citizens of the United States. It shall not be necessary for the Managing Director, the Director of Finance, the Personnel Director, any appointed department head or any other employee not in the civil service to be a resident of the City at the time of his appointment but residence in the City must be acquired within six months thereafter. Appointed members of boards and commissions shall be residents of the City or of a county of the Commonwealth of Pennsylvania adjacent to the City.

Phila., Pa., Home Rule Charter art. III, ch. 3, § 3-306 (amended 2018).

The trial court based its decision to grant summary judgment *solely* on the fact that neither plaintiff was a resident of Philadelphia County, finding that Merretazon and Abram lacked the necessary special interest to bring the mandamus action. Trial Court Opinion at 11 (noting that the "admissions in the complaint" that plaintiffs were not residents of Philadelphia County "were fatal to plaintiffs' mandamus claim"). However, we disagree.

Section 11 does not include a county residence-based limitation on whom the commissioners may appoint or who may serve as the director of veterans' affairs. Additionally, Section 11 provides that the director of veterans' affairs will "[a]ssist war veterans and their families in securing their rights as such in matters relating to their person, property, and care of family under any of the laws of this Commonwealth and of the United States" without limiting assistance to residents of

8

Philadelphia. 16 P.S. § 8072. The trial court incorrectly found Merretazon's and Abram's residency to be the only relevant issue in determining the motion for summary judgment and failed to consider any other material facts in determining Merretazon and Abrams could not bring the mandamus action as a matter of law. In considering whether Merretazon and Abrams have a special interest independent and distinct from the general public for mandamus purposes, other issues of fact beyond Merretazon's and Abram's residence must be examined by the trial court. For example, Merretazon and Abram sought to compel Council to appoint a director of veterans' affairs, a position that Merretazon sought to personally fill.[10] Complaint at 3, ¶ 18. The fact that Merretazon sought and was refused the position which he seeks to have filled could serve to give him a special interest in the benefit of having a director of veterans' affairs appointed, an interest separate and distinct from that held by the general public. Moreover, Merretazon and Abram are war veterans and advocates for a veterans association that assists veterans who reside in Philadelphia. Complaint at 2, ¶¶ 1-2 & 4-6. The trial court acknowledges that "deeper analysis may have been required if plaintiffs were veterans *and* Philadelphia County residents[.]" Trial Court Opinion at 11 (emphasis in original). Because their lack of residency is not determinative of their interest in the director of veterans' affairs position, the court erred in granting summary judgment solely on that basis and without analyzing any other facts at issue. Accordingly, we reverse the trial court's order and remand the matter for further proceedings.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[10] Despite argument to the contrary, the fact that Merretazon abandoned his claim for damages for lost wages due to the failure to hire him does not mean that he no longer has a special interest in having the Section 11 director of veterans' affairs position filled.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ari Merretazon and     :
James Abram,       :
    Appellants    :
             :
    v.       :
             :  No. 354 C.D. 2018
City Council of Philadelphia   :

## O R D E R

AND NOW, this 3rd day of April, 2019, the February 14, 2018 order of the Court of Common Pleas of Philadelphia County granting the City Council of Philadelphia's motion for summary judgment is REVERSED, and the matter is REMANDED for further proceedings.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge